McKAY v. McKAY.

DIVORCE—DIVISION OF PROPERTY—ALIMONY.

On wife's appeal from provisions as to alimony and property settlement in decree of divorce, award to her of unincumbered home and furnishings, paid for by money furnished by defendant's father and valued by plaintiff at $7,000, and of $50 monthly as alimony *held*, in accord with testimony where income of defendant, in paving business with his father, varies considerably and is not such as to justify lump sum award of alimony to her or other alteration, at this time, of decree made.

Appeal from Wayne; Webster (Arthur), J. Submitted April 21, 1937. (Docket No. 28, Calendar No. 39,193.) Decided June 29, 1937.

Bill by Viola McKay against Joseph A. McKay for an absolute divorce. Decree for plaintiff. Plaintiff appeals. Affirmed.

*Lucking, Van Auken & Sprague* (*Fred J. Schumann,* of counsel), for plaintiff.

*John H. Yoe,* for defendant.

NORTH, J. In this suit plaintiff was granted a decree of divorce and provisions were therein made for a property settlement, alimony and expenses. Plaintiff has appealed. She contends there should be modification of the provisions in the decree as to alimony and property settlement.

The printed record of over 600 pages filed in this court, considering the nature of the appeal, is inexcusably prolix. We will not attempt to detail all of the conflicting contentions of the parties. Plaintiff and defendant were married in 1920, and separated

in August, 1934. They are now approximately 40 years of age and have no children. Their manner of living is stated in appellant's brief as follows:

"Until the time of the parties' separation they lived in comfortable and well-to-do circumstances. Their home was located on Collingwood avenue in the city of Detroit in a very respectable and comparatively new neighborhood. It was purchased in 1922 for $15,000 cash. It is well furnished, the furniture including such items as a baby grand piano and an oriental rug. The defendant had for his use a Cadillac car and plaintiff for her use a LaSalle car."

At the time of the separation and during the married life of these parties the defendant was associated with his father in the highway construction business. For a time the business was carried on as a partnership, but in 1933 the corporation of James A. McKay & Sons, Inc., was formed to carry on the business. Notwithstanding the formation of the corporation, part of the business was continued under the partnership. Prior to the separation defendant had a one-quarter interest in the business; but about the time of the separation this interest was sold by defendant to his father. Defendant claims the consideration was $2,000 and his father's undertaking to pay a promissory note of approximately $7,000 on which they were comakers. Defendant claims this was a *bona fide* transaction for a fair consideration. Plaintiff contends that it was fraudulent, without adequate consideration, and consummated for the purpose of preventing her from securing a just determination of her property rights. The testimony on this issue is in direct conflict. The circuit judge gave the respective contentions patient and careful consideration. In his decree he vested in plaintiff title to the unincumbered home and to the household

furnishings. He also awarded plaintiff alimony at
the rate of $50 per month. The home property of the
parties was purchased with money furnished by de-
fendant's father. It is not claimed defendant had
any other property except his interest in the high-
way construction business and an alleged interest in
an oil well. As to the latter item there is no satisfac-
tory proof of ownership in defendant. Defendant
asserts since he sold out he has worked for his father
on a salary of $30 per week. The manner in which
the circuit judge arrived at his conclusion and the
justification therefor appear in the opinion filed by
him. We quote it in part:

"In the case at bar it is almost if not quite impos-
sible to fix a value of the paving business which
would be fair to either side. If it is not a going con-
cern, then the equipment is to all intents and pur-
poses merely junk. The records of the business show
that it is a highly precarious venture; for example,
in 1930 it made $80,000 while in 1932 it lost $45,000.
It has shown a loss since 1932 instead of earnings.

"Apparently plaintiff and defendant lived at the
rate of $4,000 to $5,000 a year, and this living came
out of the business. But will it continue?

"As I view the picture, the success or failure of
this paving business depends upon one man—the
father, James A. McKay. The paving business is
seasonal, and each spring a new line of credit must
be established. This line of credit can only be estab-
lished if the father pledges his own personal credit.
It would be natural for him to refuse so to obligate
himself if faced with litigation based upon a large
lump sum allowance for alimony. But suppose credit
is established, will the contracts be profitable or not?
The history of the earnings of the business is such
that any attempt at an appraisal by the court upon
the record before it would be a mere speculation.
Viewed from the defendant's angle that it has been

a losing venture for several years past, it can easily be said that the consideration paid by the father to his son was entirely adequate; averaging earnings over a longer period (and assuming that losses will be converted into profits), plaintiff's argument that the consideration was entirely inadequate is plausible. We are not dealing with shares of stock in a large corporation which have a market value on the exchange. If we were, a division in kind between husband and wife could easily be effected. But to turn over to plaintiff a certain number of shares in a family corporation such as James A. McKay & Sons (a corporation), is unthinkable. The only alternative if a present allowance is to be made is to fix a lump sum as alimony. But as already pointed out, this would be the merest guess work. * * *

"Aside from the possible interest which defendant might have in the paving business, the only tangible property in which defendant is shown to have an interest is the home on Collingwood avenue and the household furniture. This is at present occupied by the wife, but could be rented by her to advantage. In my opinion an equitable adjustment of the difficulties in which these parties find themselves is an award of the house and household furniture to the wife as permanent alimony and in addition an allowance to her of $50 per month; this latter allowance to be subject to revision upon the petition of either party. With this allowance of monthly alimony, which the plaintiff can supplement by renting the house instead of attempting to maintain it as at present, she ought to be able to live comfortably, and the monthly allowance will be subject to increase or decrease dependent upon the defendant's future success or failure in business."

Further, in disposing of plaintiff's motion for a rehearing, which was made during the same month the final decree was entered, the circuit judge filed the following opinion:

"At the time the original opinion was filed, it was the expectation of the court that at some future date, when the business affairs of defendant were in a more settled state, it might be necessary to revise the decree and adjust the alimony.

"Counsel for plaintiff file the present motion for a rehearing which in its essence suggests an almost immediate revision based upon certain newly-discovered conditions claimed to alter the business status of defendant. The defendant has filed an affidavit in which the claim is made that the road contract now in progress is not likely to prove profitable.

"This situation, to my mind, only emphasizes the impossibility of finally disposing of the rights of these parties at the present time and doing justice to each of them."

The trial judge was in a more advantageous position than this court to pass upon the conflicting claims of these parties. The home and furnishings assigned by the court to plaintiff are set forth in her brief at a value in excess of $7,000. The monthly payment of $50 was fixed by the trial judge in accord with defendant's ability to pay as the court viewed the testimony. The readjustment of alimony, should such be justified by a change of circumstances, is now and will remain under the control of the trial court. Under the present record we would not be justified in altering the decree entered. An order for expenses on this appeal has heretofore been made. No further costs will be allowed.

The decree is affirmed but with right reserved to the trial court to hear and determine any future proceedings affecting alimony.

Fead, C. J., and Wiest, Butzel, Bushnell, Sharpe, Potter, and Chandler, JJ., concurred.