STRATMANN *v.* STRATMANN.

1. DIVORCE—REVIEW DE NOVO.

Although Supreme Court reviews divorce case *de novo*, it does give especial consideration to the trial court's findings, so largely based upon the credibility of the witnesses, and does not disturb conclusions justified by the evidence.

2. APPEAL AND ERROR—DIVORCE—EVIDENCE.

A reviewing court should not reverse the decision of a trial court in a divorce case where the decision rests wholly upon the testimony, unless convinced that it must have reached a different conclusion had it occupied the position of the lower court under like circumstances.

Appeal from Wayne; Miller (Guy A.), J. Submitted October 11, 1938. (Docket No. 112, Calendar No. 39,469.) Decided December 22, 1938.

Bill by Ann M. Stratmann against Joseph T. Stratmann for a divorce from bed and board on grounds of extreme cruelty. Cross-bill by defendant against plaintiff for absolute divorce on grounds of extreme cruelty. Decree for defendant. Plaintiff appeals. Affirmed.

*Arnold F. Zeleznik,* for plaintiff.

McALLISTER, J. Plaintiff filed bill for separate maintenance under 3 Comp. Laws 1929, § 12729 (Stat. Ann. § 25.87), on grounds of extreme cruelty and defendant filed a cross-bill for divorce on similar grounds. After the hearing, the trial court dis-

missed plaintiff's bill and awarded defendant a divorce upon his cross-bill.

It would be of no avail and would illuminate no principle of law to enter upon a discussion of the testimony. Two witnesses, one a nurse employed by plaintiff, and the other an acquaintance known to plaintiff approximately a year, testified in her behalf. Defendant likewise produced two witnesses, his brother and his sister. The evidence of either party, if believed, warranted a decree of divorce. The trial court decided the case solely upon the credibility of the witnesses, and stated that no case had previously come to the attention of the court in which the apparent character and demeanor of the parties was more helpful as an aid in arriving at a decision than in the instant case.

Although a divorce case is reviewed *de novo,* we are constrained to give especial consideration to the trial court's findings, so largely based upon the credibility of the witnesses, and the evidence does not disclose that such conclusions were unjustified. Where the decree of divorce rests wholly upon testimony in the case, the reviewing court ought not to reverse the determination of the trial court unless convinced that it must have reached a different conclusion had it occupied the position of the lower court under like circumstances. *Nicholas* v. *Nicholas,* 50 Mich. 162; *Brookhouse* v. *Brookhouse,* 286 Mich. 151.

Upon a careful review of the record we are satisfied that the decree should be affirmed, with costs to defendant.

WIEST, C. J., and BUTZEL, BUSHNELL, SHARPE, POTTER, CHANDLER, and NORTH, JJ., concurred.