### KWIATKOWSKI v. KWIATKOWSKI.

1. DIVORCE—DIVISION OF PROPERTY—SECURITY OF LIVING FOR WIFE.
   There is no rigid rule for the division of property in a suit for divorce, and the security of a living for the wife should be a major consideration.

2. SAME—DIVISION OF PROPERTY—EQUITY.
   What constitutes a fair division of property interests in a suit for divorce depends on the particular facts involved, the general rule being that such division must be equitable.

3. SAME—DIVISION OF PROPERTY—SUPREME COURT.
   On review in a suit for divorce the Supreme Court will not interfere with the trial court's disposition of the property interests unless convinced that it would have reached a different conclusion had it occupied the situation of the trial court in the proceedings.

4. SAME—DIVISION OF PROPERTY—MODIFICATION OF DECREE.
   Where, at time of marriage in 1928, plaintiff husband had no job, money or property and wife, then a widow with four children, owned 2 houses, 5 vacant lots, 2 cars and over $3,200 in cash, decree of divorce over 17 years later ordered their home sold and ⅔ of the proceeds given defendant and ⅓ to plaintiff, equal division of bank accounts and postal savings and retention of bonds in the possession of the respective

REFERENCES FOR POINTS IN HEADNOTES
[1, 2, 4] 17 Am Jur, Divorce, § 445 et seq.

parties, a vacant lot adjoining the residence and the furniture to defendant and the car to plaintiff and did not require him to pay alimony, it is modified to award all of the home to defendant.

Appeal from Wayne; Richter (Theodore J.), J. Submitted October 4, 1949. (Docket No. 12, Calendar No. 44,195.) Decided December 7, 1949.

Bill by Frank Kwiatkowski against Stella Kwiatkowski for divorce on ground of extreme and repeated cruelty. Cross bill by defendant against plaintiff for divorce on ground of extreme and repeated cruelty. Decree for defendant on cross bill. Defendant appeals. Modified and affirmed.

*Wilfrid L. Burke,* for plaintiff.

*Bruno F. Domzalski* (*Robert J. Wojcinski,* of counsel), for defendant.

SHARPE, C. J. This appeal arises out of the property settlement provisions in a decree of divorce granted Stella Kwiatkowski.

The parties were married November 28, 1928. No children were born of this marriage. Stella Kwiatkowski was a widow with 4 children. She owned 2 houses, 1 on Geimer avenue, Hamtramck, and 1 on Nagel street, and 5 vacant lots. She had from $1,800 to $2,000 on deposit in the bank and about $1,400 cash in the house. She also owned 2 cars.

At that time Frank Kwiatkowski had no money in the bank and owned no property. For a while after their marriage he was unemployed and his work was more or less unsteady until 1938 when he went on a W.P.A. job which continued until March 7, 1941. From some time in 1941 to the date of the trial he was steadily employed at Budd Wheel.

The parties lived together until about December 1, 1945. On December 17, 1945, plaintiff, Frank Kwiatkowski, filed a bill of complaint for divorce. Defendant, Stella Kwiatkowski, filed an answer and a cross bill for divorce. Both the bill and the cross bill allege as grounds for divorce extreme and repeated cruelty.

At the time of the hearing, the parties owned jointly a house and an adjoining vacant lot on Campau street in Detroit upon which plaintiff put a value of $8,000, There was $1,900 on deposit in a joint account in the Kingston State Bank and $1,000 on deposit in the Bank of Hamtramck in a joint account. The parties also owned a 1942 Plymouth car. Plaintiff had in his own name $920 in postal savings certificates and had possession of United States bonds in the amount of $1,609.

After a hearing the trial court entered a decree dismissing plaintiff's bill of complaint and granting defendant (cross-plaintiff) an absolute divorce. The decree provided for a property settlement, one dollar in lieu of dower, and "No award of permanent alimony is made for the defendant and cross-plaintiff." In the property settlement, defendant was awarded the vacant lot adjoining the residence and the furniture, except for certain pieces which were given to plaintiff together with his personal belongings and tools. Plaintiff was awarded the car. It was ordered that the bank accounts and the postal savings certificates were to be divided equally between the parties; that each of the parties was to be the sole owner of the United States bonds in his or her possession; and that the house on Joseph Campau street was to be sold and the proceeds divided, one-third to plaintiff and two-thirds to defendant.

Defendant appeals and raises no objection to the provision for divorce, but contends that the division

of property is inequitable. She urges that she is entitled to receive more of the property than was awarded to her because she owned a substantial amount of property at the time of marriage, while plaintiff had none; because she had used this property and the proceeds to accumulate and purchase property which the parties owned at the time of hearing; and because plaintiff could not have accumulated any savings out of his earnings due to his unsteady employment.

In *Brown* v. *Brown,* 297 Mich 24, we said:

"There is no rigid rule of division of property and the security of a living for the wife should be a major consideration. *Mayer* v. *Mayer,* 266 Mich 241. The division must be equitable. *Robinson* v. *Robinson,* 275 Mich 420."

And in *Casciola* v. *Casciola,* 317 Mich 485, we said:

"What constitutes a fair division of property interests in a case of this nature depends on the particular facts involved, the general rule being that such division must be equitable. *Allen* v. *Allen,* 196 Mich 292; *Mayer* v. *Mayer,* 266 Mich 241; *Robinson* v. *Robinson,* 275 Mich 420."

Defendant makes no claim that any of the property covered by the decree was her sole property prior to her marriage to plaintiff, nor does the record support any such conclusion. The record discloses that defendant made little attempt to segregate her separate property or the proceeds derived therefrom. The proofs show that the bank account which defendant had at the time of her marriage became the joint account of the parties with plaintiff making deposits and withdrawals. Subsequent to her marriage, defendant sold 4 of her vacant lots, 2 for $900, one for about $400 and another for an amount which she did not remember. She lost own-

ership of one lot because of unpaid taxes. Defendant rented the house on Nagel street. About 1930 it was partially destroyed by fire and defendant was paid $1,400 insurance. Later she had it repaired and rebuilt into a two-family house. This work was financed by the fire insurance money and a mortgage. Sometime in 1933 or 1934, defendant lost ownership of this property presumably by mortgage foreclosure.

The house on Geimer was occupied by the parties for some time after their marriage. In 1933 or 1934, defendant sold this house to her daughter for $3,800 with $1,000 paid at the time of purchase and the balance in monthly payments.

In 1935, the parties purchased the house which they presently own located on Joseph Campau street in Detroit. The purchase price was $3,750, with $400 paid at the time of purchase and the balance in monthly payments of $33. Plaintiff testified that he improved this property himself by building a three-car brick garage, laying new sidewalks and finishing the basement into two rooms. He puts a present valuation of $8,000 on this property. There is evidence that both Mr. and Mrs. Kwiatkowski made payments on this property.

Defendant testified that during their entire marriage plaintiff did not support her and that she kept boarders and received board money from her children. Although the proofs show plaintiff's employment, and that he turned over his pay check to his wife, there is no showing of the approximate amount of his earnings.

In *Stein* v. *Stein*, 303 Mich 411, 416, we quoted with approval from *Bradley* v. *Bradley*, 292 Mich 370, where the Court said:

"'On review, we will not interfere with the trial court's disposition of the property interests unless convinced that we would have reached a different

conclusion had we occupied the situation of the trial court in the proceedings. *Brookhouse* v. *Brookhouse,* 286 Mich 151; *Stratmann* v. *Stratmann,* 287 Mich 94.'"

Taking into consideration the provisions of the decree, particularly the division of the bank accounts, postal savings certificates and United States bonds, and the omission to make any specific allowance by way of alimony we conclude that defendant should be awarded the sole interest in the home. Other provisions of the decree to stand unchanged.

The decree of the lower court as modified is affirmed, and a decree will be entered in this Court in accordance with this opinion.

BUSHNELL, BOYLES, REID, NORTH, DETHMERS, BUTZEL, and CARR, JJ., concurred.