GAW v. GAW.

1. DIVORCE—EXTREME CRUELTY—UNFOUNDED ACCUSATIONS OF VE-
NEREAL DISEASE.

Unfounded accusation that spouse had a loathsome venereal dis-
ease with consequent deterioration of brain cells constitute
extreme cruelty upon which a divorce may be granted where
plaintiff has not replied in kind (CL 1948, § 552.10).

2. SAME—DESERTION—NONSUPPORT—EVIDENCE.

Desertion and nonsupport of defendant wife was not effected by
plaintiff husband, a retired army officer, where he left her all
of their assets and property, except an old automobile and $35
in cash, and $45 of his $150 monthly pension was awarded
her during their separation.

3. SAME—MISCONDUCT OF ACCUSER.

A divorce may not be granted a spouse who is guilty of the same
misconduct charged by plaintiff against defendant (CL 1948,
§ 552.10).

4. SAME—EXTREME CRUELTY.

Plaintiff husband was entitled to decree of divorce on ground
of extreme and repeated cruelty because of wife's constant
and unfounded accusations to others that he had a loathsome
venereal disease with consequent deterioration of brain cells,
not reciprocated in kind by plaintiff, notwithstanding he was
not without fault in some other respects.

5. SAME—EXTREME CRUELTY—RECORD—PUBLIC POLICY.

Decree of divorce held, to have been granted on ground of ex-
treme and repeated cruelty, under record presented, rather
than on ground of public policy as claimed by defendant wife.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 4, 5] 17 Am Jur, Divorce and Separation, § 63.
[2] 17 Am Jur, Divorce and Separation, § 107.
[2] Separation due to husband's refusal or inability to support
wife as desertion by him.   150 ALR 991.
[3] 17 Am Jur, Divorce and Separation, § 233.
[6] 17 Am Jur, Divorce and Separation, § 445.

6. SAME—PROPERTY SETTLEMENT—EQUITY.

> Decree of divorce which awarded defendant wife $5,000 in bank
> deposits, furniture worth $3,000, cash amounting to $200,
> bonds worth $1,400, silver valued at $500 and a diamond was
> not unfair in that nothing was awarded plaintiff for mainte-
> nance or additional attorney fee, where plaintiff was awarded
> no property, had paid defendant's attorney $75 before trial,
> was 66 years old and unable to work and defendant was gain-
> fully employed.

7. SAME—COSTS.

> No costs are allowed on affirmance of decree of divorce for hus-
> band where wife had appealed.

Appeal from Branch; Jacobs (Theo T.), J. Sub-
mitted January 4, 1950. (Docket No. 22, Calendar
No. 44,447.) Decided February 28, 1950.

Bill by Scott N. Gaw against Hilda V. Gaw for
divorce on ground of extreme and repeated cruelty.
Decree for plaintiff. Defendant appeals. Affirmed.

*Harold J. Ashdown,* for plaintiff.

*Wedge & Andrews,* for defendant.

DETHMERS, J. Plaintiff was granted a divorce on
the ground of extreme and repeated cruelty. De-
fendant appeals, contending that plaintiff did not
establish defendant's cruelty and that, if he did, he
is shown by the record to have been equally guilty
of acts charged by him against defendant as grounds
for divorce.

It appears the defendant was constantly nagging
plaintiff, that they had frequent quarrels and argu-
ments, that each repeatedly called the other vile and
obscene names and that on 1 or 2 occasions several
years ago plaintiff struck defendant. The trial court
was impressed that, in the respects related, each was
as guilty of offense as the other. The court found,

however, that defendant was guilty of extreme and repeated cruelty, entitling plaintiff to a divorce, in that she constantly charged and told to others that plaintiff was afflicted with a loathsome venereal disease, that his brain cells were deteriorating in consequence, and that he was crazy. Medical proofs were that, at the time of hearing, plaintiff had no venereal disease or any mental impairment and that, while the possibility of his having had venereal disease in its early stages at some earlier date could not be ruled out by an examination at that time, nevertheless it could be and was determined from such examination that he had never had venereal disease in an advanced stage with consequent brain cell deterioration. There is no proof that he ever suffered such disease in any of its stages or that there was any justification for defendant's charges. These accusations by defendant appear to have been at the bottom of much of the controversy between the parties. That unfounded accusations of this character amount to extreme cruelty is clear. Under the circumstances, plaintiff's leaving defendant did not amount to desertion. He left all of the parties' assets and property with defendant, except for a 1941 automobile and $35 in cash. He had no income other than a $150 monthly pension from the United States government as a retired army officer, of which amount $45 per month was allotted to defendant during their separation. Such facts do not bear out defendant's charge of nonsupport.

In point is *Trombley* v. *Trombley,* 313 Mich 80, in which this Court, while recognizing that the statute (CL 1948, § 552.10 [Stat Ann § 25.90]) prohibits granting of divorce to a party who is guilty of the same misconduct charged by him against his spouse, and after observing that the parties had lived a wrangling, quarrelsome married life, that each had used profane and abusive language toward the other,

and that the wife was not without fault, nevertheless held that inasmuch as the husband had been guilty of improper relations with other women, which was the cause of much of the trouble between the parties, and the wife had not been guilty of misconduct in that particular, and the husband, by reason of such misconduct, was by far the greater offender, therefore the wife was entitled to a divorce. So here, while the plaintiff was not without fault, nevertheless defendant's constant and improper accusations, not reciprocated in kind by plaintiff, were the cause of much of the discord and defendant was by far the greater offender. Accordingly, we cannot say that had we been sitting as the trial court we would have reached a different conclusion.

The record does not support defendant's contention that divorce was granted on the ground of public policy. It was predicated on a finding of extreme and repeated cruelty.

The record is not clear as to what property or assets were owned by the parties when they separated. The trial court found that plaintiff left defendant in possession of some $5,000 in bank deposits and furniture worth $3,000. Defendant testified that the furniture, though worth $3,000 to her, would not sell for more than $1,500, that cash left her by plaintiff amounted to only $200, that she had bonds worth $1,400, silver of a value of $500, and a diamond. Any moneys, furniture and assets left in defendant's possession at the time of separation were awarded to her by the decree, which awarded plaintiff no property whatsoever. Plaintiff had paid defendant's attorney a $75 fee before trial. Defendant complains because the decree awards her nothing for maintenance or additional attorney fees. In view of the property settlement as decreed and considering that plaintiff was 66 years of age, unable to work,

and that defendant was gainfully employed, the decree was in this respect not unfair to defendant.

Other claims of error are without merit and of insufficient importance to warrant discussion.

Decree affirmed. No costs.

BOYLES, C. J., and REID, NORTH, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred.