SICKREY *v.* SICKREY.

DIVORCE—PROPERTY SETTLEMENT—EQUITY—COSTS.
> Property settlement upon dissolution of childless marriage last-
> ing about 14 years *held,* fair and equitable on wife's appeal
> where both parties had been employed, real estate appraised at
> from $6,408.44 to $6,940.64 was awarded to husband subject to
> lien to secure payment of $3,000 to wife, household goods were
> awarded to her and a 1939 automobile to husband, no costs
> being awarded on affirmance of trial court's decree.

Appeal from Kent; Verdier (Leonard D.), J.
Submitted October 3, 1950. (Docket No. 7, Calendar
No. 44,708.) Decided December 5, 1950.

Bill by Thomas N. Sickrey against Edith Sickrey
for divorce on ground of extreme and repeated
cruelty. Cross bill by defendant against plaintiff for
divorce on ground of extreme and repeated cruelty.
Decree entered on cross bill. Defendant appeals.
Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1] 17 Am Jur, Divorce and Separation, §§ 445, 448.

*Fuller, Sherk & Dilley (Woodrow A. Yared,* of counsel), for plaintiff.

*Dilley & Dilley,* for defendant.

BUSHNELL, J. The sole question in this appeal is whether the property settlement in a divorce decree should be set aside. The parties were married in 1935, and except for a period of about 2 months, while a former bill for divorce was pending, lived together as husband and wife from the time of their marriage until their final separation on July 2, 1949. No children were born as a result of the marriage.

Plaintiff Thomas N. Sickrey's earnings during this period varied from $17 to $45 per week. While the parties were living together, defendant Edith Sickrey was also employed and received wages which varied from $12 to as high as $48.50 per week. At the time of trial she was earning about $40 per week.

The property involved is a home and 4 adjoining lots in Wyoming township. The home was purchased in 1936 for $2,600. The final payment on the home amounting to $1,900 was made in 1942 from the proceeds of the sale of property owned by the husband. Alterations and repairs to the home cost about $3,000, of which the wife claims she paid about one-half. The adjoining lots were purchased in 1942 for $450. At the time of trial $155 was still unpaid. The parties employed separate appraisers to value the property. The husband's appraiser arrived at a total of $6,940.64, while the appraiser for the wife reached a value of $6,408.44.

The trial judge awarderd all of the real property to the husband, but imposed a lien thereon to secure the payment of $3,000 to the wife. The household goods were awarded to her, and a 1939 Chevrolet automobile was awarded to the husband.

As said in *Tyson* v. *Tyson,* 283 Mich 192, 194:

"The amount to be awarded in lieu of dower and for permanent alimony rests largely in the discretion of the trial court; and it is only where there is a manifest abuse of that discretion that its award will be interfered with on appeal."

See, also, *Pinchuk* v. *Pinchuk,* 317 Mich 523, and *Kwiatkowski* v. *Kwiatkowski,* 326 Mich 346.

We are unable to find that there was a manifest abuse of discretion on the part of the trial court. Under the circumstances of the case the property settlement was fair and equitable.

The decree is affirmed, but without costs.

BOYLES, C. J., and REID, NORTH, DETHMERS, BUTZEL, CARR, and SHARPE, JJ., concurred.