## TACKABURY v. TACKABURY.

1. DIVORCE—DE NOVO REVIEW—CREDIBILITY OF WITNESSES.
    The finding of trial judge in a suit for divorce, who has the opportunity to observe the parties and listen to their claims, will not be reversed by the Supreme Court, even though it is not restricted by such findings on its *de novo* review, where the findings are based upon the credibility of witnesses who have presented conflicting testimony, unless convinced that it must have reached a different conclusion had it occupied the position of the lower court under like circumstances.

REFERENCES FOR POINTS IN HEADNOTES
[2] 17 Am Jur, Divorce § 401.
[3] 3 Am Jur, Appeal and Error § 858; 27 Am Jur, Husband and Wife § 404.
[4] 2 Am Jur, Appeal and Error § 119.
[5] 17 Am Jur, Divorce and Separation §§ 580, 581.

2. SAME—EXTREME CRUELTY—EVIDENCE.

Conduct of wife who sought separate maintenance by husband, who filed cross bill for absolute divorce, *held*, to have justified decree for defendant on ground of extreme cruelty, where it appears she was emotionally unstable, 2 of the children left the home and she persistently embarrassed defendant by complaints to his employers.

3. HUSBAND AND WIFE—SEPARATE MAINTENANCE—EVIDENCE.

Evidence failed to sustain claim of plaintiff wife that she was entitled to decree of separate maintenance on grounds of desertion and nonsupport.

4. DIVORCE—ALIMONY—HEALTH.

Award to cross-defendant wife of $20 per week permanent alimony until death, remarriage or further order of the court is not disturbed on her appeal from decree of divorce on claim of insufficiency, where it appears she is not incapacitated from working although she claims not to be in good health.

5. SAME—COSTS.

No costs are allowed wife on her appeal from decree for divorce, where decree is affirmed.

Appeal from Wayne; Murphy (Thomas J.), J. Submitted June 4, 1952. (Docket No. 18, Calendar No. 45,245.) Decided June 27, 1952.

Bill by Eva K. Tackabury against Nathaniel J. Tackabury for separate maintenance. Cross bill by defendant against plaintiff for divorce on ground of extreme cruelty. Decree for defendant. Plaintiff appeals. Affirmed.

*Vandeveer & Haggerty* (*Samuel A. Garzia*, of counsel), for plaintiff.

*Walter A. Mansfield* (*David S. DeWitt*, of counsel), for defendant.

CARR, J. Plaintiff brought suit for separate maintenance under the provisions of CL 1948, § 552.301 (Stat Ann § 25.211), alleging in her bill of complaint

desertion and nonsupport as the bases for the relief sought. Defendant by answer denied the charges made against him. He also filed a cross bill alleging that plaintiff and cross-defendant had been guilty of conduct constituting extreme and repeated cruelty as to him. Cross-defendant filed answer denying such charges; and the case was heard on the pleadings and proofs of the parties. The trial judge came to the conclusion that plaintiff had failed to establish her right to the relief sought by her, and that her conduct had been such as to justify and require the granting of an absolute decree of divorce to defendant and cross-plaintiff. A decree was entered accordingly and plaintiff has appealed.

The parties were married in 1922. Of such marriage 3 children were born, the youngest now being 19 years of age. Cohabitation in the marital relation ceased in 1932, following the birth of the youngest child, but the parties continued to live under the same roof until on or about May 1, 1942, at which time defendant and cross-plaintiff left the home. On the trial of the case it was his claim in substance that cross-defendant's attitude toward him was such that the situation was intolerable and that no course was open to him other than to establish a residence elsewhere.

Although defendant earned good wages during the time that the parties lived together it does not appear that they accumulated any property. It is a fair conclusion from the proofs in the case that prior to 1942 he supported his family in a reasonable manner, and that after he left the home he contributed to the support of plaintiff and the then minor children who remained in the home. The son of the parties, then 16 years of age, left his mother during the year 1942. On the trial of the case he testified that he did so because of her irritating attitude toward him, claiming that she was "hard to

get along with." Prior to the starting of the present case in April, 1949, the younger daughter of the parties also left her mother, thereafter making her home with her father and being supported by him.

The decree entered by the trial court granted to cross-defendant as permanent alimony the sum of $20 per week, such payments to continue for the duration of her life, or until her remarriage, or until the further order of the court. It was also provided that cross-plaintiff pay to her the sum of $500 to help her defray the fees and expenses of the attorneys who represented her on the trial, and other attorneys appearing in her behalf at different stages of the proceeding. In the event that cross-defendant deemed herself in need of medical or dental care, she was authorized by the decree to file a petition with the friend of the court to the end that her claim for such assistance might be investigated and a determination reached as to whether cross-plaintiff should be required to furnish the requested medical or dental care.

It is the claim of the appellant that the trial court was in error in denying relief to plaintiff and in granting a decree of absolute divorce to cross-plaintiff. It is argued in substance that the conclusions on which the decree was based were not in accord with the proofs. The testimony on the trial as to the conduct of the parties resulting in their marital difficulties and separation was in conflict. The determination of disputed issues rested largely on the matter of credibility of witnesses, especially the parties to the case. The trial judge having had opportunity to observe the parties and to listen to their claims was in better position than is this Court to determine the weight to be given to specific testimony. In *Chubb* v. *Chubb,* 297 Mich 501, 506, it was said:

"While we are not restricted by the findings of the circuit court, a divorce case on appeal being

heard *de novo,* especial consideration is given to such findings, so largely based upon the credibility of the witnesses, and the reviewing court ought not to reverse the determination of the trial court in such a case, unless convinced that it must have reached a different conclusion had it occupied the position of the lower court, under like circumstances. *Brookhouse* v. *Brookhouse,* 286 Mich 151; *Stratmann* v. *Stratmann,* 287 Mich 94; *Westgate* v. *Westgate,* 291 Mich 18."

The statement, above quoted, has been referred to in many subsequent decisions of this Court. *Kolberg* v. *Kolberg,* 312 Mich 42; *Johnson* v. *Johnson,* 314 Mich 376; *Wells* v. *Wells,* 330 Mich 448.

The proofs in the case fully justify the conclusion that plaintiff habitually indulged in conduct that made the home life of the parties extremely unpleasant. The trial judge concluded that she was "emotionally unstable." It was defendant's claim that he sought to avoid quarrels by staying away from home on occasions when otherwise he would have been with his family. The difficulties between plaintiff and the 2 younger children, resulting in their leaving her home, are indicative to some extent at least of her general attitude as a wife and mother.

It also appears that after cross-plaintiff left the home in 1942 plaintiff procured his arrest on a warrant charging nonsupport, such proceeding resulting in the entering of an order in the recorder's court of the city of Detroit for the making of weekly payments by him for her support. He complied with the order but notwithstanding such fact plaintiff procured the issuance of a second warrant, the proceedings on which were dismissed when the situation was called to the attention of the court. Evidence was also introduced in the case showing that she had complained to cross-plaintiff's employers concerning his alleged conduct, causing him em-

barrassment. We are in accord with the conclusion of the trial court that cross-plaintiff's conduct was not commendable in all respects, but that the situation created by plaintiff was, in the main, responsible therefor. Her actions were such as to indicate a total lack of affection for him on her part and a desire to cause him embarrassment and injury. We think that the proofs in the case did not sustain the claim of the plaintiff that she was entitled to separate maintenance on the grounds of desertion and nonsupport as alleged in her bill of complaint, and that the action of the trial court in granting a decree to cross-plaintiff is fully supported by the record.

Appellant also contends that the amount of alimony provided in the decree is insufficient for her needs and that the earning ability of the cross-plaintiff is such as to justify a larger payment per week. As before noted, the prescribed payments at the rate of $20 per week are to continue, under the decree entered, until the death or remarriage of the plaintiff, or "until the further order of this court." If conditions change in such manner as to render necessary an increase in the payments of alimony plaintiff will have her remedy by way of petition for modification of the decree.

The claim was stressed in the trial court, and also on this appeal, that plaintiff is not in good health. The trial judge, as is indicated by his opinion in the case, came to the conclusion that she was not incapacitated from working and, further, that it would be much better for her if she were suitably employed. Inasmuch as the decree, as above pointed out, is subject to modification under changed circumstances, we think that the alimony provision therein should not be modified at this time by an increase in the amount of the weekly payment.

The decree of the trial court is affirmed, without costs.

DETHMERS, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.

NORTH, C. J., did not sit.