KRUS *v.* KRUS.

1. DIVORCE—CONCEALMENT OF ASSETS.
Concealment of assets by plaintiff husband in suit for divorce *held*, not to have been proved by defendant wife.

2. SAME—UNDISCLOSED ASSETS—EVIDENCE.
A wife in a suit for divorce is not entitled to a provision in a decree awarding her 1/2 of all undisclosed assets of the parties, where she has failed to make a clear showing of concealed assets and such an award might lead to endless litigation.

3. SAME—PROPERTY SETTLEMENT—HEALTH.
Award to wife of 1/2 of the total assets of the parties at termination of marriage lasting about 30 years *held*, equitable, where it appears she assisted somewhat in carrying on her husband's business as mortician and receives her portion in cash and plaintiff husband, now 65 years of age, is in ill health, requires medical care, has heart trouble and cannot lift anything heavy.

4. SAME—ALIMONY—HEALTH.
Plaintiff husband was properly relieved from paying future alimony, where wife was awarded 1/2 of the total assets in cash

REFERENCES FOR POINTS IN HEADNOTES
[2, 3]  17 Am Jur, Divorce and Separation § 445.
[4]  17 Am Jur, Divorce and Separation § 596 *et seq.*
[5]  17 Am Jur, Divorce and Separation § 570 *et seq.*
[5]  Amount of compensation of attorney for wife.  143 ALR 799.
Financial condition of parties as affecting amount of compensation of attorney.  35 ALR 1103.

and 65-year-old husband is now in ill health, requires medical care, has heart trouble which prevents him from lifting anything heavy and present employment leaves him no spending money.

5. Same—Attorney Fees—Expense Money—Costs.

No further attorney fees, expense money or costs are awarded defendant wife who appealed from decree granting her 1/2 of the total assets of the parties at conclusion of marriage of nearly 30 years' duration, where she has had the advice of several competent attorneys in succession.

Appeal from Manistee; Neal (Max E.), J. Submitted April 10, 1953. (Docket No. 47, Calendar No. 45,801.) Decided June 8, 1953.

Bill by Michael J. Krus against Marie Krus for divorce on ground of extreme cruelty. Cross bill by defendant against plaintiff for divorce on ground of extreme and repeated cruelty. Decree for defendant on cross bill. Defendant appeals. Affirmed.

*Campbell & Campbell,* for plaintiff.

*Francis L. Williams* and *John E. Damon,* for defendant.

Reid, J. Defendant as cross-plaintiff appeals, not from that portion of the decree which granted her a divorce on her cross bill, but on the grounds of claimed insufficiency of the award of property to her, want of award to her of one-half interest in undisclosed property of plaintiff (cross-defendant), want of award of future alimony, further attorney fees and expense money. Plaintiff (cross-defendant) did not appeal.

Until after the filing of the bill, plaintiff had been all his life a resident of Manistee, Michigan. The 2 daughters (the only children) born of the marriage are over 21 years of age. The parties were

married October 11, 1921, at Manistee. Plaintiff husband is now 65 years of age; defendant wife is 10 years younger.

The business of plaintiff husband (hereinafter referred to as plaintiff) is that of mortician and undertaker, which was also the business of his father. Plaintiff worked with his father for 18 years and until his father's death in 1917. Plaintiff then continued the business for himself, the business being almost wholly low-price funerals. The business kept dropping. In many years he did not make living expenses. The place of business, which was also the residence of the parties, burned, January 24, 1951. The parties separated immediately after the fire and have not lived together since.

The bill was filed February 14, 1951. The hearing began February 14, 1952. After about 2 days had been spent on the hearing, mostly in cross-examination of plaintiff as to assets, claimed by the defendant wife to be concealed and undisclosed by plaintiff, a settlement was announced by Mr. Campbell, attorney for plaintiff, as follows:

"*Mr. Campbell:* * * * After conferences and after our 2 days of trial on this case, we have arrived at a property settlement, which is as follows:

"The plaintiff, Mike Krus, will pay to Mrs. Krus the sum of $11,682 in cash, and in addition thereto she will have the household furniture and furnishings, except 1 bed and springs that go with it, and 2 old chairs which belonged to Mr. Krus' parents.

"Mr. Krus to have the policies of life insurance which were exhibited in this case.

"He is to have the real estate on Sixth and Hopkins streets.

"He is to have the Hudson automobile and the Nash hearse, the 1 share of stock, name uncertain (the certificate has been lost and that will have to be restored). * * *

"There is the sum of $6,200 or thereabouts, in the form of a check from the insurance company, arising out of the loss by fire, which occurred in January, 1951. That check is to be delivered to Mrs. Krus to apply on this amount of $11,682. The balance will have to be raised by him from the proceeds of the life insurance policies. * * *

"*Mr. Hesslin* [attorney for defendant]: The defendant is not fully satisfied with the property settlement, but based upon the proofs submitted and the assets, we realize it is an equitable property settlement."

The hearing was then held open until April 2, 1952, at which time Mr. Rogoski was by consent substituted for Mr. Hamlin and Mr. Hesslin, as attorney for defendant wife, and proceeded to put in proofs for defendant in support of her cross bill as to her husband's extreme cruelty and without opposition, took the decree which she has appealed from, the same having been prepared and submitted by her counsel, the right to appeal being reserved. Before signing the decree, the court in his opinion expressed his approval of the settlement but expressly determined it as a matter of his own judgment as an equal division of the assets and found that plaintiff had not been guilty of concealment of property.

During his cross-examination, plaintiff had answered questions concerning his profits from the undertaking business, especially for a period of more than 13 years last preceding the fire of the building and separation of the parties. In the later years of that period plaintiff had placed moneys in life insurance policies and government bonds which were capable of being traced. Plaintiff did not keep a cash account of his receipts and disbursements, except some details of the business. Plaintiff paid his bills with cash. He has no checking account.

Defendant's counsel cross-examined plaintiff at great length about the various funerals he had had and his profits from each funeral, his investments and where he had kept his money. Defendant argues that there was concealment of assets, mainly from inconsistencies or want of memory of plaintiff, which, however, seem to be only such as a witness would be expected to show who had kept no books of his cash transactions extending over many years.

A careful consideration of the entire testimony convinces us that the trial court reached the correct conclusion.

Defendant cites and relies upon the case of *Westgate* v. *Westgate,* 291 Mich 18, to support her claim that she should have had a provision in the decree giving her a half of all undisclosed assets. In that case, however, the husband did not go on the stand and testify as to undisclosed assets indicated by testimony. The *Westgate Case* is no precedent for such an award in the instant case in which the wife's counsel went to great lengths to inquire of the husband on the witness stand about any such possible undisclosed and secreted assets. The testimony is convincing that there are no such assets in the instant case. In absence of clear showing of concealed assets, there is no necessity of assigning to defendant an interest therein, a provision that might lead to needless litigation. The testimony does not fairly indicate that plaintiff should have saved up more assets than he is shown to now have on hand.

Defendant was awarded 1/2 of the total assets. She had helped somewhat in carrying on the business, but her assistance has not been shown to have been nearly equal to plaintiff's work. The award of half the assets to her is all that can fairly be made, a distinct advantage being that it is all paid in cash. Plaintiff, now 65 years of age, is in ill health, requires medical care, has heart trouble and cannot

lift anything heavy. From his present employment at Traverse City, he receives his room, board and laundry, no spending money. He could not well pay any future alimony.

Defendant has had the advice of several competent attorneys in succession. There is no occasion for allowing for more attorney fees, nor expense money.

The decree appealed from is affirmed. No costs.

DETHMERS, C. J., and ADAMS, BUTZEL, CARR, BUSH-NELL, SHARPE, and BOYLES, JJ., concurred.