ESSLINGER *v.* ESSLINGER.

1. DIVORCE—DISPOSITION OF PROPERTY.
   The trial court's disposition of property interests in a divorce action will not be interfered with unless the appellate court is convinced it would have reached a different conclusion had they occupied the situation of the trial court in the proceedings.

2. SAME—ALIMONY—MODIFICATION OF JUDGMENT—TIME.
   A divorced wife may properly move for modification of alimony provision of a decree within 1 month after the final judgment of the trial court (CL 1948, § 552.28).

REFERENCES FOR POINTS IN HEADNOTES
[1] 24 Am Jur 2d, Divorce and Separation § 929 *et seq.*
[2, 6] 24 Am Jur 2d, Divorce and Separation § 665 *et seq.*
[3, 8] 24 Am Jur 2d, Divorce and Separation § 684.
[4, 5, 7] 24 Am Jur 2d, Divorce and Separation § 674.
[9] 24 Am Jur 2d, Divorce and Separation § 675 *et seq.*
[10, 11] 24 Am Jur 2d, Divorce and Separation §§ 677, 678.
[12] 24 Am Jur 2d, Divorce and Separation § 376 *et seq.*
[13] 24 Am Jur 2d, Divorce and Separation § 540 *et seq.*
[14] 24 Am Jur 2d, Divorce and Separation § 514 *et seq.*
[15–17] 24 Am Jur 2d, Divorce and Separation § 626 *et seq.*

3. Same—Change in Wife's Health—Increase in Alimony.
Change in a divorced wife's health could be a valid basis for an increase in alimony payments.

4. Same—Reopening of Proofs—Discretion of Court.
Reopening of proofs in an action for divorce lies within the sound discretion of the trial court.

5. Same—Reopening Proofs—Discretion of Court.
Denial of divorced wife's motion to reopen proofs *held*, not an abuse of discretion, where case was fully and completely tried only 5 weeks before motion was filed.

6. Same—Modification of Judgment—Construction of Statutes—Hearing of Motion.
The statute permitting modification of judgment of divorce is construed as requiring a trial court at least to hear a motion for the modification of the divorce judgment (CL 1948, § 552.28).

7. Same—Modification of Judgment—Evidence—Discretion of Court.
A trial court has the discretion to deny a motion to modify a judgment of divorce for lack of competent evidence to support the motion (CL 1948, § 552.28).

8. Same—Modification of Judgment—Time—Health.
Motion for modification of judgment of divorce, *held*, proper, where the ground alleged is that wife's mental condition had changed since the judgment and she is now unable to work (CL 1948, § 552.28).

9. Same—Modification of Judgment—Change of Circumstances.
Court may, from time to time, on the petition of either of the parties to a divorce action, revise and alter the judgment provision for alimony or other allowance for wife and children, where there has been a substantial change of circumstances (CL 1948, § 552.28).

10. Same—Alimony—Modification of Judgment—Husband's Income.
Divorce judgments are subject to modification if the husband's income diminishes (CL 1948, § 552.28).

11. Same—Alimony—Modification—Future Diminution of Earnings.
Possible future diminution of husband's earnings is not a proper consideration in setting periodic alimony payments in di-

voree action, since the payments may be modified if diminution occurs.

12. SAME—IMMATERIAL EVIDENCE IN PROCEEDING.

Reception of immaterial evidence in a divorce action is not grounds for reversal since it is to be assumed, in the absence of convincing evidence to the contrary, that the court disregarded all immaterial evidence.

13. SAME—ALIMONY—INCREASE BY COURT OF APPEALS.

A judgment awarding alimony to the wife in an action for divorce may be increased by the Court of Appeals in accordance with its findings as to adequacy (CL 1948, § 552.28).

14. SAME—ALIMONY—ABILITY OF WIFE TO WORK.

Concept of alimony being a punitive measure is outmoded, and divorced wives are not entitled to be treated as incapacitated from working merely because they have not worked for many years.

15. SAME—ALIMONY—ABILITY OF WIFE TO WORK.

The ability of a wife to do some productive work in keeping with the standard of living to which she is accustomed is a valid factor to be considered by the trial court in determining alimony.

16. SAME—AMOUNT OF ALIMONY—CONDUCT OF HUSBAND.

The conduct of the husband is a proper subject of inquiry in reaching an equitable amount of alimony to be allowed, and the wife should not be deprived of her marital right of support to which she would be entitled but for the husband's misconduct which resulted in divorce.

17. SAME—INCREASE OF ALIMONY—INCOME OF HUSBAND.

Alimony awarded divorced wife is increased from $100 per week to $175 per week under record presented, showing, among other circumstances, husband had a present disposable income of $31,185 per year.

Appeal from Oakland; Beer (William J.), J. Submitted Division 2 June 7, 1967, at Detroit. (Docket No. 2,473.) Decided December 5, 1967.

Complaint for divorce by Jean K. Esslinger against John O. Esslinger. Judgment of absolute divorce. Plaintiff appeals from denial of motion

for increase in alimony, and from alimony provision in judgment of divorce. Judgment modified.

*Condit, Denison, Devine, Porter & Bartush,* for plaintiff.

*Davis, Hayward, Rann & Slavens,* for defendant.

FITZGERALD, P. J. Appellant is the divorced wife of defendant and she is appealing from a decision of the Oakland county circuit court which granted her a weekly alimony of $100, plus child support. We are asked to reconsider the evidence adduced at the trial, and additional evidence which, when taken together, would result in an increase in alimony to appellant to a suggested $200 per week.

The facts in the case may be stated concisely. Appellant alleged mental cruelty in her complaint for divorce. Appellee answered with a denial of her complaint, but chose not to offer proofs at the trial with the result that the Oakland county circuit court granted the divorce, with the only remaining issue being that of setting permanent alimony and support of the three children of the marriage. Appellee, a 41-year-old physician, testified as to the following factors which were the basis for the court's determination of alimony and support:

(1) His gross income for the years 1962 to 1965 averaged $63,642, with his 1965 gross income being $71,938; his average disposable income for the four years, after deducting business expenses and taxes, was $26,451.

(2) His annual minimum expenses were now anticipated to be $19,830. This amount includes life insurance premiums; child support under the temporary decree for the 2 boys at $30 per boy per week; alimony under the temporary decree of $100

per week to appellant; education and support of one daughter at $4,000 per year and living expenses of appellee, including rent, clothing and food.

(3) He is suffering from Paget's disease of his pelvic bone which will necessitate the probable removal of his right leg in 10 to 15 years, reducing his capacity to work by 50%, considering his advanced age at that time and his physical condition, in his own opinion.

(4) Net value of all marital assets was set at $61,518, including the value of the residence which was to be sold; the savings and securities of the couple; the cash value of policies on appellee's life, which are to be kept in force, and a boat. By agreement, all marital assets were to be sold or divided equally between appellant and appellee.

The court considered all of the factors given above in setting alimony at $100 a week and support of the minor boys at $38 for the older and $32 for the younger boy, also providing all 3 children with a 4-year college education. The judgment was entered on June 16, 1966. On July 18, 1966, appellant petitioned the court for a modification of the judgment to increase the alimony or reopen proofs on the basis that in the one month interim, appellant had suffered from a severe mental condition rendering her unable to be employed, and that she had no skills at all which would enable her to be employed. This motion was denied and appellant's counsel filed claim of appeal to this Court, stating the following issues, restated from the briefs of both parties and the record on appeal:

(1) Was the trial court within its discretion in refusing to reopen the proofs or modify the alimony award at the July 18th hearing based on the testimony regarding appellant's mental condition?

(2) Should the trial court have permitted appellee's testimony regarding his own prognosis of

Paget's disease, and his estimate of its effect on his future income?

(3) From the evidence offered at the trial, was the award of alimony in the amount of $100 per week to appellant insufficient to provide for her needs?

This Court, for clarification on appeal, will adhere to the rule stated in the case of *Kwiatkowski* v. *Kwiatkowski* (1949), 326 Mich 346, 350:

"On review [in a divorce case], we will not interfere with the trial court's disposition of the property interest unless convinced that we would have reached a different conclusion had we occupied the situation of the trial court in the proceedings."

See, also, *Johnson* v. *Johnson* (1956), 346 Mich 418; *Sickrey* v. *Sickrey* (1950), 329 Mich 51. The judgment in the present case was made subject to future modification in the discretion of the trial court, and it was proper for appellant to bring her modification of judgment motion one month after the final judgment of the trial court. We will also agree with appellant that any change in her health could be a valid basis for an increase in alimony payments. *Lamb* v. *Lamb* (1957), 348 Mich 557.

We are thus concerned with the propriety of the trial court's decision to refuse both requests of appellant in her petition to modify judgment of divorce or to reopen proofs offered on July 13, 1966. Both parties on appeal acknowledge that the reopening of the proofs in the original case lies within the sound discretion of the trial court. *Rogers* v. *Rogers* (1952), 335 Mich 207. We find in examining the record that this discretion was not abused by the trial court as the case was tried fully and completely only five weeks before, with appellant being given every opportunity to introduce her proofs. However, the trial court was also faced

with an alternative in that appellant's petition also requested a modification of the judgment of divorce. The trial court denied that portion of the petition by stating, "I will deny the motion. I think this is entirely out of timing" referring to the fact that the original trial was 5 weeks before. In so denying the petition, the trial court did not permit any introduction of evidence offered by appellant concerning the testimony of the psychiatrist regarding her worsening mental condition. The relevant statute is CL 1948, § 552.28 (Stat Ann 1957 Rev § 25.106), said statute reading:

"Sec. 28. After a decree for alimony or other allowance, for the wife and children, or either of them, and also after a decree for the appointment of trustees, to receive and hold any property for the use of the wife or children as before provided *the court may, from time to time, on the petition of either of the parties, revise and alter such decree,* respecting the amount of such alimony or allowance and the payment thereof, and also respecting the appropriation and payment of the principal and income of the property so held in trust, and may make any decree respecting any of the said matters which such court might have made in the original suit." (Emphasis supplied.)

This statute has also been interpreted to require that the trial court at least hear the motion for the modification of the divorce judgment. See *Fischer* v. *Fischer* (1948), 320 Mich 176. It certainly is within the discretion of the trial court to then deny the motion on the lack of competent evidence to support it.

The fact that only 5 weeks had expired from the date of the original trial is thus of no relevance to a consideration of her motion to modify that judgment. We find that the trial court erred in not permitting appellant to introduce the testimony of

the psychiatrist as evidence concerning her present mental condition. However, we will not consider her allegations on this matter in establishing the proper alimony to be awarded appellant as this evidence has not been proven in a court of law. It must be remembered that appellant is certainly not barred from bringing her motion again in the future.

Now we return to the trial itself and appellant's allegation that the court erred in allowing appellee to discuss the possibility of a decrease in his future earnings because of the Paget's disease in his hip. Appellant argues that speculation as to what will happen in 15 years to appellee is immaterial, because the court could modify the judgment at that time, given substantial change in circumstances. We refer appellee and the trial court to CL 1948, § 552.23, as amended by PA 1964, No 11, and CL 1948, § 552.28 (Stat Ann 1965 Cum Supp § 25.103 and Stat Ann 1957 Rev § 25.106), and to the case of *McKay* v. *McKay* (1937), 280 Mich 595, wherein the Court would not alter a divorce decree where it was subject to revision on petition of either party where the amount of the husband's future earnings was uncertain.

The intent of the legislature and the courts clearly is to allow for future modification of divorce decrees when in fact the husband's income has been diminished. The few Michigan cases which considered the future health and income of the husband in determining alimony turned on the fact that the husband was already ill or without income. *Krus* v. *Krus* (1953), 336 Mich 597; *Gaw* v. *Gaw* (1950), 327 Mich 120. Here appellant has earned more money in the year of the divorce than ever before, and there is no evidence to show any danger of severe reduction of his income in the near future. The court could properly hear the testimony, as

it could not know without doing so what the present and immediate prospects for health of the husband would be. We will not decide for the trial judge when he should have ceased the questioning, except to state that the statutes providing for adjustment of the decree in the future are intended to handle this case if the income of the husband does, in fact, become severely reduced in 10 or 15 years.

After examining the record of the trial, we will further dispose of this issue by citing to the parties the case of *Cristia* v. *Cristia* (1947), 317 Mich 66. Reception of immaterial evidence in a divorce action is not a ground for reversal since it is to be assumed, in absence of convincing evidence to the contrary, that the court disregarded all immaterial evidence.

Appellant requests that this Court re-examine the record and find that an increase in alimony of $100 a week, to a total of $200 a week, is desirable when we consider the plight of appellant and the financial ability of appellee. Reference has been made above to the fact that appellee's gross annual income has averaged $63,000 for the past 4 years, and his net disposable income averaged $26,000. In addition, his income had increased by $10,000 in the year preceding the divorce to $71,938, and his disposable income to $31,185.

By the terms of the judgment of the Oakland county circuit court, the permanent alimony to be paid to appellant is $5,200 per year. In addition, evidence adduced at the trial points up the likelihood that the older of the sons may not be attending college, thus relieving appellee of the obligation to pay for his support and education after 1967, although the younger boy may begin college in 1968 or 1969. The oldest child, the daughter, should have finished college in 1967, and appellee was to be relieved of that burden of $4,000 a year.

On appeal to this Court from a judgment awarding alimony to the wife in a divorce suit, the Court may determine that the amount awarded is inadequate considering all the circumstances involved, and may increase the amount to the wife in accordance with its findings. *Ackerman* v. *Ackerman* (1966), 5 Mich App 338; *Johnson* v. *Johnson, supra,* and *Schlaf* v. *Schlaf* (1927), 237 Mich 543.

From the record in the motion for modification of judgment, it is stated by counsel for appellant that, in fact, appellant is not a college graduate, she is unskilled in any trade or profession, and she has not worked in 20 years. Her uncontroverted testimony was that she found it difficult to live and was forced to borrow on the temporary alimony award which is the same figure as the permanent alimony award. The concept of alimony being a punitive measure is outmoded and it is apparent, in setting alimony, that all divorced wives are not entitled to be treated as incapacitated from working merely because they have not worked for many years. See *Tackabury* v. *Tackabury* (1952), 334 Mich 157. We believe that the ability of a wife to do some productive work in keeping with the standard of living to which she is accustomed is a valid factor to be considered by the trial court in determining alimony. Thus, we are not conditioning or basing our present determination of proper alimony on the requirement that this particular woman must develop skills and go to work to maintain her relatively high standard of living as we are not familiar enough with her physical and mental state to insist that this is necessary.

However, we do find the award of the trial court to be inadequate in the light of the evidence produced. It must be remembered that:

"Alimony  *  *  *  is an incident of marriage, and based on the underlying principle that it is the duty of the husband to support his wife, not necessarily to endow her.  Primarily it signifies, not a certain portion of his estate, but an allowance or allotment adjudged against him for her subsistence, *according to his means and their condition in life.*"  (Emphasis supplied.)  *Bialy* v. *Bialy* (1911), 167 Mich 559, 565, 566, quoted with approval in *Ackerman* v. *Ackerman, supra,* and *Johnson* v. *Johnson, supra.*

We increase the sum of alimony to be paid to appellant to $175 per week.  This is an increase of $3,900 per year and provides appellant with an annual alimony of $9,100.  In addition, she also has approximately $30,000 as her share of the divided marital assets, which should provide her with a minimum of an additional $1,000 in interest, if the amount were prudently placed in a typical savings account.  Thus, the total yearly income of appellant before taxes approximates $10,000. The conduct of the husband is a proper subject of inquiry in reaching an equitable amount of alimony to be allowed, and the wife should not be deprived of her marital right of support to which she would be entitled but for the husband's misconduct which resulted in this divorce.  *Ackerman* v. *Ackerman, supra; Johnson* v. *Johnson, supra.*  We have carefully considered all of the circumstances involving both parties to this divorce (See 27A CJS, Divorce, § 233[1]) and we do not believe that this increase will unduly burden appellee who at the time of the judgment had a disposable income, after all business and personal taxes were deducted, of $31,185 per year.

Appellant's needs, considering her condition in life and as stated by her at the trial, are greater than $5,200 a year, and appellee has actually never

controverted this particular testimony. We agree with appellant and increase the alimony to $175 a week accordingly.

Remanded to the circuit court for the county of Oakland for proceedings in accord with this opinion.

Costs to appellant.

McGregor and Levin, JJ., concurred.