## GOETSCH v. GOETSCH.

1. DIVORCE—DISCRETION OF COURT.
   The Court of Appeals will not attempt to substitute its judgment for that of the trial court in divorce cases where it can find no clear abuse of the wide discretion granted to the trial court in matters pertaining to the divorce.

2. SAME—CHILD SUPPORT PAYMENTS—DISCRETION OF COURT.
   Judgment of trial court that defendant in divorce action pay $65 per week for the support of 2 minor sons does not appear to the Court of Appeals to be an abuse of discretion where defendant had a net wage of more than $10,000 in the year of the trial and more than $11,000 in the year before, had been paying $40 a week temporary support, earned a basic net pay of $94.10 a week for 40 hours work, but worked long overtime hours, claimed that his earnings would decrease considerably because of a heart condition and arthritis of the spine, plaintiff earned $70 a week, and the trial court examined the proposed budget of plaintiff to separate the needs of the children from the needs of the plaintiff and an adult son.

3. SAME—CHILD SUPPORT PAYMENTS—STANDARD OF LIVING—OVERTIME PAY.
   Overtime pay, when earned during the marital relationship, establishes a standard of living for the children of a marriage which should not be reduced upon divorce, unless there is showing that such overtime income is no longer possible.

4. SAME—CHILD SUPPORT PAYMENTS—REDUCTION—STATUTE.
   The divorce statutes provide for alteration of a divorce judgment with respect to child support payments upon the petition of either of the parties, and the Court of Appeals will not con-

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2]  24 Am Jur 2d, Divorce and Separation §§ 827, 839.
[3]  24 Am Jur 2d, Divorce and Separation § 839.
[4]  24 Am Jur 2d, Divorce and Separation § 844 et seq.

sider an appeal from an original support order where the defendant has not presented the matter to the trial court for a redetermination of support by motion where the defendant, at the trial of the divorce action, testified that he was off work at the insistence of his doctors because of a decline in his general health (CL 1948, § 552.28).

Appeal from Muskegon; Larnard (Charles A., Jr.), J. Submitted Division 3 January 8, 1968, at Grand Rapids. (Docket No. 3,169.) Decided March 28, 1968.

Complaint by Norma Goetsch against John Goetsch for divorce. Judgment for plaintiff. Defendant appeals. Affirmed.

*Parmenter, Forsythe & Steendam (Charles F. Schuler, Jr.,* of counsel), for plaintiff.

*Scholten & Fant (Thomas R. Reinsma,* of counsel), for defendant.

J. W. FITZGERALD, P. J. This controversy arises from a divorce case wherein defendant husband was ordered to pay a total of $65 a week for the support of his 2 youngest sons, both minors. He appeals that order to this Court, requesting a reduction in the amount of support to $40 per week based on the following facts:

Defendant was employed at a job which provided him a net pay of $94.10 a week for 40 hours work at a block-long paper making machine. However, he also worked long overtime hours, resulting in a net wage of $11,733.42 in 1965, and $10,192 through October of 1966.

At the trial, defendant testified that he began suffering a decline in his general health in October of 1966 by reason of a heart condition and arthritis of the spine, and that as a result he was hospitalized

and was off work at the time of the trial at the insistence of his doctors. However, the trial court raised the $40 a week paid by defendant as temporary support to $65, with defendant taking this appeal.

Certain items in the proposed budget of the plaintiff wife submitted on the trial deserve careful examination on the issue of the proper amount of support. She showed expenditures of $355 a month (approximately $80 a week), which included the payments (if any) due on the house, the telephone bill, automobile expenses and plaintiff's lunch bills. Plaintiff is employed and earns $70 a week. Defendant alleges that one-half of this amount should be borne by plaintiff and an adult son, who lives at home, as for their benefit, and that the actual support needs of the children should thus be reduced by $100, to $255 a month (or approximately $56 a week).

This Court will not attempt to substitute its judgment for that of the trial court in divorce cases where we can find no clear abuse of the wide discretion granted to the trial court in matters pertaining to such a controversy. See definition of abuse of discretion in *Spalding* v. *Spalding* (1959), 355 Mich 382; also, see *Kwiatkowski* v. *Kwiatkowski* (1949), 326 Mich 346 as cited by this Court in *Esslinger* v. *Esslinger* (1967), 9 Mich App 11.

It is apparent that the trial court did attempt to separate plaintiff's statement as to the needs of the children to be borne by defendant from the needs of the plaintiff and the adult son before making its decision that the proper support payments were $65. We are not convinced that the trial court abused its discretion in setting support in accordance with the needs of the minor children beyond that supplied by plaintiff's earnings.

Defendant also urges this Court to exercise its power to modify the support payment as it was based on his gross income earned when he worked overtime "often", totaling as much as 80 to 100 hours a week at a boring job (so characterized by defendant) in order to improve his standard of living. We must also add that he worked to improve the standard of living of his entire family. He also points out that if his support payments were to be computed at the rate of his weekly base income, he would only pay $38 a week, that he should not be punished because of his initiative in working long overtime, and that he has not worked overtime since October of 1966 because of poor health. Defendant is aware that the local court rules for the 14th judicial circuit permit the trial court to consider overtime earnings of the husband in computing his net earnings, but he urges this Court to distinguish his working conditions, *i.e.,* a boring job and precise time schedule, from that of other husbands in more interesting and flexible jobs. Were we to accept this contention, we then must determine that the trial court erred and abused its discretion in considering overtime earnings as permitted by the local court rules and by the prevailing case law of this State. See *Blackmer* v. *Blackmer* (1946), 313 Mich 482.

We find no such abuse, for to do so would enable defendant to continue to enjoy all the additional financial benefits of his overtime employment while requiring the children to undergo a severe reduction in their standard of living in order to conform to his net weekly base pay. If the trial court had accepted this argument by defendant, then we might well have found that there was an abuse of discretion, but we must agree with the court that overtime pay, when earned during the marital relationship, established a standard of living for the children of

that marriage which should not be reduced upon divorce, short of showing that such overtime income is not feasible.

Defendant alleges that he has not worked overtime because of poor health since October, 1966. We refer to our decision, and the discussion therein, in the case of *Esslinger* v. *Esslinger, supra,* and CL 1948, § 552.28 (Stat Ann 1957 Rev § 25.106):

"Sec. 28. After a decree for alimony or other allowance, for the wife and children, or either of them, and also after a decree for the appointment of trustees, to receive and hold any property for the use of the wife or children as before provided the *court may, from time to time, on the petition of either of the parties, revise and alter* such decree, respecting the amount of such alimony or allowance and the payment thereof, and also respecting the appropriation and payment of the principal and income of the property so held in trust, and may make any decree respecting any of the said matters which such court might have made in the original suit." (Emphasis supplied.)

Until defendant presents this matter to the trial court for a redetermination of the support, by motion, we will not take appeal from the original support order, as the initial remedy and relief is provided by the above statute. We have also stated in the *Esslinger Case, supra,* that the trial court must at least hear such a motion for the modification of the divorce judgment based on an alleged change in circumstances. Modification must first be sought in the trial court and cannot originate in the appellate court. See 2 Moore & Moore, Michigan Practice, Marriage, Divorce, Separation, § 2210.

Affirmed. Costs to appellee.

BURNS and NEAL FITZGERALD, JJ., concurred.