MANIGOLD v. MANIGOLD.

1. DIVORCE—EXTREME CRUELTY—EVIDENCE—FINDING OF COURT.
     In husband's suit for divorce, record sustains trial court's finding that plaintiff was entitled to a divorce on the ground of extreme cruelty.

2. SAME—DIVISION OF PROPERTY—SECURITY OF LIVING FOR WIFE.
     There is no rigid rule for division of property in divorce cases and each case depends upon the particular facts involved, the security of a living for the wife being a major consideration.

3. SAME—AWARD IN LIEU OF DOWER—ALIMONY—DISCRETION OF COURT.
     Generally the amount to be awarded in a divorce case in lieu of dower and alimony rests largely in the discretion of the trial court and it is only where there is a manifest abuse of that discretion that an award will be interfered with on appeal.

4. SAME—DIVISION OF PROPERTY—DISCRETION OF COURT.

In husband's suit for divorce wherein plaintiff was entitled to decree, where it appears the parties had accumulated approximately $9,000 or $10,000 worth of property, husband was earning $335 per month, children were about 18, 16 and 12 years of age and custody of youngest, a girl, was awarded to wife, division of property whereby wife was awarded property of the value of $2,850 and husband ordered to pay her $500 forthwith and $1,000 at rate of $20 per month did not constitute abuse of discretion on the part of the trial court.

5. SAME—SUPPORT OF CHILD.

Award of $6 a week for support and maintenance of 12-year-old girl whose custody was awarded to mother is raised to $10 per week until she arrives at the age of 17 years or until further order of the court where father is earning $335 per month.

6. SAME—MODIFICATION OF DECREE—ATTORNEY FEES—COSTS.

Upon modification of decree for husband by raising allowance from $6 to $10 per week for support of 12-year-old girl until she arrives at the age of 17 years or until further order of the court, wife was entitled to $50 attorney fee and costs and case is remanded for such further proceedings relating to support and maintenance of minor children as may be necessary.

Appeal from Jackson; Williams (Benjamin), J. Submitted January 7, 1943. (Docket No. 44, Calendar No. 42,070.) Decided February 23, 1943.

Bill by Peter N. Manigold against Rena E. Manigold for a divorce on ground of extreme and repeated cruelty. Cross bill by defendant against plaintiff for a divorce on ground of extreme and repeated cruelty. Decree for plaintiff. Defendant appeals. Modified and affirmed.

*Rosenburg, Painter & Navarre,* for plaintiff.

*James J. Noon (Drake & Pahl,* of counsel), for defendant.

SHARPE, J. Plaintiff and defendant were married in 1923 and have three children. In 1942 Keith was 18 years of age, Dean was 16 years, and Jean Marie was 12 years old. The parties lived together as husband and wife until July, 1941, when plaintiff commenced a divorce proceeding. This proceeding was dismissed and the parties resumed cohabitation on or about October 14, 1941. The final separation occurred the following month.

In January, 1942, plaintiff filed a bill of complaint for a divorce in which it was charged that defendant was possessed of a nervous, nagging disposition and a violent temper. Acts of physical cruelty were also alleged. The defendant filed a cross bill of complaint alleging that plaintiff had an uncontrollable temper and asking for a decree of divorce, alimony and custody of the children. The trial court granted plaintiff, Peter N. Manigold, a decree of divorce, gave the custody of Jean Marie to the mother and awarded alimony at the rate of $6 per week for the support of said child.

During the period of their married life, the parties accumulated the following property: a six-room frame house on Dettman road outside the city of Jackson of the value of $4,500; four lots and two cottages with garage at Gillett's lake with an estimated value of $2,750; furniture in the home on Dettman road of the value of $1,000; cottage furniture of the value of $100; a Ford automobile of the value of $150; and an equity in a 1941 Oldsmobile of $500.

By the decree of divorce, defendant, Rena E. Manigold, was awarded the premises at Gillett lake, the household goods therein, a 1939 Oldsmobile, title to which was in defendant's name, and the sum of $1,500 to be paid as follows: the sum of $500 forthwith and the balance at the rate of $20 per month.

Defendant appeals from the decree and contends that the trial court was in error in awarding plaintiff a decree of divorce.

In an opinion rendered, the trial court stated as follows:

"It is evident from the testimony that these parties are unable to live together peaceably, that there is no chance of reconciliation, and no good purpose would be served by the court in continuing the present marital status. This is regrettable. The husband has been sober, industrious, and thrifty. The wife has been a good woman and has assisted her husband in acquiring a better-than-average home fully paid for and some considerable other real estate. They have three nice children, and the husband has taken good care of the family.

"The pleadings and the proof are replete with incriminations and recriminations which it will serve no useful purpose to detail. On the whole, the court finds that the real source of the estrangement here is shown by the greater weight of the testimony to have been the constant complaining and uncontrolled temper of the cross-plaintiff, which resulted in continual dispute and frequent violent exhibitions of temper on the part of the wife. Viewed as a whole, the testimony satisfies the court that the plaintiff exercised far more control of himself than cross-plaintiff did of herself and made an honest effort to keep peace in the family. The court concludes that plaintiff is entitled to a decree for divorce on the ground of extreme cruelty."

We are in accord with the finding of the trial court that plaintiff is entitled to a decree of divorce.

It is urged by defendant that the property settlement was inequitable to her. The record shows that the property owned by these parties had a total value of approximately $9,000 to $10,000, while the total value of the property awarded to defendant

was about $2,850 in addition to the sum of $1,500 as above noted. The total amount awarded to defendant is approximately $4,350. There is no rigid rule for division of property in divorce cases. Each case depends upon the particular facts involved. Where the cause for divorce was the misconduct of the husband, we held that the security of a living for the wife should be a major consideration. See *Mayer* v. *Mayer*, 266 Mich. 241. We have stated as a general rule that the amount to be awarded in lieu of dower and alimony rests largely in the discretion of the trial court, and it is only where there is a manifest abuse of that discretion that an award will be interfered with on appeal. Considering all of the facts in this case we are led to the conclusion that there was no abuse of discretion on the part of the trial judge in making a division of the property.

Defendant also urges that the award made for the support and maintenance of the minor child in the sum of $6 per week is inadequate. In considering this question we have in mind that plaintiff has the custody and control of the two older boys, has the home on Dettman road, and has an earning capacity under conditions existing at the date of the trial of approximately $335 per month. While we recognize that the trial court has an advantage in observing the witnesses as they testify and is therefore in a better position to weigh their testimony, yet in a matter relating solely to the amount that a father should contribute to the support of his daughter, such observations lose some of their force. We are of the opinion that plaintiff should contribute the sum of $10 per week for the support of the daughter until she arrives at the age of 17 years or until the further order of the court.

The decree of the circuit court will be modified in accordance with this opinion and will also provide

for an allowance of an attorney fee in the sum of $50 payable within 30 days for defendant's attorney. The cause is remanded to the circuit court for such further proceedings relating to the support and maintenance of the minor children as may be found necessary. Defendant may recover costs.

BOYLES, C. J., and CHANDLER, NORTH, STARR, WIEST, BUTZEL, and BUSHNELL, JJ., concurred.