### STALKER *v.* STALKER.

1. DIVORCE—DIVISION OF PROPERTY.
   The division of property in a suit for divorce is not governed by rigid rules.
2. SAME—DIVISION OF PROPERTY—DISCRETION OF COURT.
   The Supreme Court does not substitute its judgment as to division of property for that of the trial judge in a suit for divorce in the absence of a clear showing of abuse of discretion.
3. SAME—DIVISION OF PROPERTY—EVIDENCE.
   *Pro confesso* decree of divorce awarding wife enumerated items of personalty, barring her dower rights in husband's property, and awarding her $500 for payment of which a lien was imposed upon his lands and refusing alimony or costs *held,* an equitable division of property on which subject defendant had been fully cross-examined and considerable testimony taken (3 Comp. Laws 1929, § 14220).

Appeal from Oceana; Pugsley (Earl C.), J. Submitted October 3, 1945. (Docket No. 17, Calendar No. 43,070.) Decided December 3, 1945.

Bill by Katherine M. Stalker against Alexander Stalker for a divorce on grounds of extreme and repeated cruelty. Decree for plaintiff. Plaintiff appeals. Affirmed.

*George H. Cross* and *Robert A. Carr,* for plaintiff.

*F. E. Wetmore,* for defendant.

BUSHNELL, J. Plaintiff Katherine M. Stalker, who obtained a *pro confesso* decree of divorce, has appealed from that portion of the decree which settled the property rights of the parties. The only question before us is whether or not the trial court erred in this particular and in barring plaintiff's dower and refusing to award alimony and costs to her. As stated in *Hallett* v. *Hallett,* 279 Mich. 246.

"There is no rigid rule of division of property in divorce actions."

The parties, both of whom had been previously married, were owners as tenants by the entireties of farming lands in Oceana county, which plaintiff partially stocked at her own expense, and provided certain personal property. The parties were married in 1935, and there are no children. Defendant Alexander Stalker had formerly operated a stock ranch in Montana, and during the first two years of their marriage plaintiff continued to practice her profession of nursing in Chicago while the defendant lived in Montana.

The trial judge devoted a great deal of time to the development of the facts in this case, although there was no contest on the merits by the defendant. He was, however, fully cross-examined under the statute, 3 Comp. Laws 1929, § 14220 (Stat. Ann. § 27.915), as to property matters, and considerable testimony was taken on this phase of the case.

We do not propose to substitute our judgment for that of the trial judge in the absence of a clear showing of abuse of discretion. His settlement of the property affairs of the parties was fair and reasonable. The trial judge awarded to plaintiff $500 and imposed a lien upon the lands for the payment thereof. He also awarded her certain items of personalty, enumerated in the decree, barred her dower rights in defendant's property, and, because of the circumstances of the case, did not award any alimony or costs. The decree was equitable and is affirmed, without costs.

STARR, C. J., and NORTH, CARR, BUTZEL, SHARPE, BOYLES, and REID, JJ., concurred.