SPAMER v. SPAMER.

1. DIVORCE—DIVISION OF PROPERTY—EQUITY.

Decree of divorce, terminating childless marriage of less than 5 years' duration, in which trial judge awarded defendant wife approximately one-third of the total value of the property owned by the parties or by the plaintiff alone, which sum was about one-half of the value of the real estate and personalty acquired during the period of the marriage, and which directed payment to her of $3,100 at the rate of $100 or more per month and imposed a lien on the real estate and $1,500 car to secure payment *held,* fair and equitable, as against contention of employed wife that the division was inadequate, and, while it did not award her the home and furniture therein, it was certain and definite for her and did not involve her assumption of any obligation on the property.

2. SAME—DIVISION OF PROPERTY.

There are no definite rules that can be applied to the division of property interests in a divorce suit but such division must be made with reference to the particular facts and circumstances involved.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 17 Am Jur, Divorce and Separation, §§ 445, 446, 448.
[1, 2] Power of court to award alimony or property settlement in divorce suit as affected by failure of pleading or notice to make a claim therefor. 152 ALR 454.

Appeal from Muskegon; Sanford (Joseph F.), J. Submitted April 14, 1949. (Docket No. 86, Calendar No. 44,221.) Decided June 6, 1949.

Bill by Stanley Spamer against Freda Spamer for divorce on ground of extreme and repeated cruelty. Cross bill by defendant against plaintiff for divorce on ground of extreme and repeated cruelty. Bill withdrawn and decree entered on cross bill. Defendant appeals. Affirmed.

*Leo W. Hoffman,* for plaintiff.

*Alexis J. Rogoski,* for defendant.

CARR, J. The parties to this case were married on January 9, 1943, and lived together until September 27, 1947. There are no children of the marriage. Shortly after the separation, plaintiff started suit for divorce, charging the defendant with extreme and repeated cruelty. Defendant filed an answer to the bill of complaint, and also a cross bill. When the case was reached for trial the plaintiff withdrew his bill, and also his answer to defendant's cross bill. Following the hearing a decree was granted to defendant. Being dissatisfied with the provisions of the decree relating to the division of property, defendant has appealed.

The trial court found that at the time of the hearing the parties were the owners of a home worth approximately $12,000, and that the balance due on the land contract under which they were purchasing the property was approximately $6,700. At the time of the marriage plaintiff owned some furniture, and also an interest in real estate from the sale of which he claimed to have realized the net sum of $3,846. Part of this money was used as the down payment on the property which the parties owned at the time

of the trial. Some improvements were made on such property, presumably resulting in increasing its value. Plaintiff also owned an automobile worth approximately $1,500. During the marriage furniture to the value of about $1,000 was purchased.

The opinion of the trial judge indicates that in dividing the property he took into consideration the value of the real estate and the furniture owned by plaintiff at the time of the marriage, and likewise the value of the home, automobile, and furniture acquired thereafter. The decree gave to the defendant approximately one-third of the total value of the property owned by the parties or by the plaintiff alone, which sum was about one-half of the value of the real estate and personalty acquired during the period of the marriage. The decree directed that plaintiff pay defendant the sum of $3,100 at the rate of $100 or more per month, and imposed a lien on the real estate and automobile to secure payment. It is the claim of the defendant that such provision was not adequate, and it is insisted in her behalf that the home and furniture should have been given to her rather than to the plaintiff. Emphasis is placed on the claim that defendant worked during the time that she was married to plaintiff, and that her earnings were used, in part at least, to defray the general expenses of the parties, including payments on the property. In his testimony before the trial court, plaintiff insisted that defendant worked outside the home in order to assist her daughter by a prior marriage, said daughter being 21 years of age at the time of the trial. It further appears that defendant is employed, and is capable of supporting herself.

It is apparent that the trial court gave careful consideration to the claims of the parties, and undertook to divide the property in a fair and equitable manner. We think that he accomplished that

result. The provision made for defendant was certain and definite. It did not involve her assumption of any obligation involving the payment of indebtedness on the property. Such result was obviously to defendant's advantage.

There are no definite rules that can be applied to the division of property interests in a divorce suit. It must be determined in each instance with reference to the particular facts and circumstances involved. There is nothing in the instant case indicating that the settlement made by the trial judge in the decree was unfair or unreasonable, or that there was any abuse of discretion on his part. On the record before us his conclusion should not be disturbed. *Stalker* v. *Stalker,* 313 Mich 209; *Cooley* v. *Cooley,* 320 Mich 209.

The decree of the circuit court is affirmed, with costs to plaintiff.

SHARPE, C. J., and BUSHNELL, BOYLES, REID, NORTH, DETHMERS, and BUTZEL, JJ., concurred.