## WELLS v. WELLS.

1. DIVORCE—HEARING DE NOVO ON APPEAL—FINDINGS OF TRIAL COURT—CREDIBILITY OF WITNESSES.

The Supreme Court hears divorce cases on appeal *de novo* but gives especial consideration to findings of the trial court that are largely based upon the credibility of the witnesses and will not reverse unless convinced that it must have reached a different conclusion had it occupied the position of the lower court under like circumstances.

2. SAME—EXTREME CRUELTY OF WIFE—EVIDENCE.

Finding of trial court that husband had sustained his burden of proof sufficient to warrant him in obtaining a decree of divorce from plaintiff on his cross bill on ground of extreme and repeated cruelty was fully sustained by record presented, where it shows that her associations with other men, although not shown by positive evidence to have been immoral, did disclose a completely wrong mental attitude about her natural loyalties to husband and family.

3. PARENT AND CHILD—CUSTODY—STATUTES.

The right of the mother to have the custody of a child under 12 years of age, by virtue of statute, is not absolute, the wishes of the parents being a secondary consideration and the welfare of the child paramount (CL 1948, § 722.541).

4. DIVORCE—CUSTODY OF 5-YEAR-OLD BOY.

Welfare of 5-year-old boy, child of parents involved in suit for divorce, required award of custody to father, where it is shown he will reside with latter in home in which paternal grandparents will assist in his care and mother's 2-room apartment

REFERENCES FOR POINTS IN HEADNOTES

[1] 3 Am Jur, Appeal and Error, § 815.
[2] 17 Am Jur, Divorce and Separation, § 84.
[3, 4, 8] 17 Am Jur, Divorce and Separation, § 683.
[5, 6] 17 Am Jur, Divorce and Separation, § 445.
[8] 17 Am Jur, Divorce and Separation, § 679.

and boarding-home care for the child and her personal conduct do not indicate the necessary care and attention would be given the child, subject to change on proper petition and proofs (CL 1948, § 722.541).

5. SAME—DIVISION OF PROPERTY—EVIDENCE.

Award of $400 to plaintiff wife, payable at rate of $25 or more per month, in lieu of dower, was not inequitable, where it appears defendant had not made proper efforts to save equity in home being purchased on land contract, defendant is employed and also receives a disability pension from the Federal government.

6. SAME—DIVISION OF PROPERTY.

The division of property in a suit for divorce is not governed by rigid rules.

7. SAME—DIVISION OF PROPERTY—DISCRETION OF COURT—SUPREME COURT.

The Supreme Court does not substitute its judgment as to division of property for that of the trial judge in a suit for divorce in the absence of a clear showing of abuse of discretion.

8. SAME—CUSTODY OF CHILDREN—RIGHT OF VISITATION—CHANGED CIRCUMSTANCES.

Mother's right to visit 5-year-old son at reasonable times and to temporary custody from 2 to 6 p. m. on alternate Sunday afternoons *held*, reasonable, in suit for divorce, wherein decree of divorce and general custody of child were awarded husband, but subject to modification by trial court on showing of changed circumstances.

9. SAME—COSTS.

No costs are allowed upon wife's appeal from decree for husband, where decree is affirmed.

Appeal from Jackson; Boardman (Harry D.), J. Submitted April 10, 1951. (Docket No. 52, Calendar No. 44,878.) Decided May 14, 1951.

Bill by June Wells against Garreth Wells for divorce on grounds of extreme and repeated cruelty. Cross bill by defendant against plaintiff for divorce on grounds of extreme and repeated cruelty. Decree for defendant. Plaintiff appeals. Affirmed.

*H. A. Kinch,* for plaintiff.

*Dudley & Rogers,* for defendant.

CARR, J. The parties to this case were first married in October, 1942. The following year defendant herein instituted suit for divorce. The action was not contested, and a decree was granted to him. On July 1, 1945, the parties remarried. Of the second marriage a child, a boy now 5 years of age, was born. Difficulties between the parties arose, culminating in their separation on December 4, 1948.

In her bill of complaint, filed December 7, 1948, plaintiff in the instant case sought a decree of divorce from the defendant on the ground of extreme and repeated cruelty, alleging the use of improper language and physical violence. She further charged that defendant had accused her wrongfully of improper conduct with other men. Defendant by answer denied that he had been guilty of conduct entitling plaintiff to a decree of divorce. He also filed a cross bill, alleging that plaintiff and cross-defendant had been guilty of misconduct constituting extreme and repeated cruelty toward him. Specifically he alleged that she had been guilty of improper associations with other men, and that she had neglected her home and the child. Subsequently defendant and cross-plaintiff filed 2 supplemental cross bills setting forth further facts and circumstances claimed to have occurred after the separation of the parties. Plaintiff and cross-defendant filed answers to defendant's and cross-plaintiff's original and supplemental cross bills, denying in effect the charges made against her and cross-plaintiff's right to relief. Plaintiff and defendant each asked for an absolute decree of divorce with the custody of the child and an equitable division of property interests.

After listening to the proofs offered by the parties in open court, the trial judge came to the conclusion that plaintiff had failed to show extreme and repeated cruelty toward her on the part of the defendant. He further concluded that defendant's and cross-plaintiff's charges of misconduct and an improper attitude toward her home and family on the part of plaintiff and cross-defendant were fairly sustained by the evidence, and that the welfare of the child would be best served by giving his custody to the father. A decree was entered accordingly, granting to defendant and cross-plaintiff a decree of divorce with custody of the child until he reaches the age of 17 years or until the further order of the court, with rights of reasonable visitation on the part of plaintiff and cross-defendant, including the privilege of having the child with her on alternate Sundays between 2 and 6 p. m. The decree further provided that defendant and cross-plaintiff pay to plaintiff and cross-defendant the sum of $400 by way of property settlement and in lieu of dower, said amount being payable at the rate of $25 or more per month. The decree was filed September 19, 1949, and in accordance with the statute (RS 1846, ch 84, § 9, as amended by PA 1947, No 323 [CL 1948, § 552.9 (Stat Ann 1949 Cum Supp § 25.89)]) it provided that it should become final 6 months after the date of entry. Plaintiff has appealed, claiming that the trial court was in error in granting a decree to defendant and cross-plaintiff and in awarding him the custody of the minor child of the parties. Complaint is also made that the property settlement is inadequate, and that the rights of visitation and temporary custody of the child granted to plaintiff are not in accordance with her just rights.

An examination of the record indicates that the testimony of the parties and their witnesses on the trial was in conflict. The determination of the is-

sues of fact presented rested largely on the credibility of the witnesses, particularly plaintiff and defendant. The trial judge had the opportunity to observe the demeanor of each witness in court and to listen to the testimony as given. He was in better position to pass on the matter of credibility than is this Court. While we hear the case *de novo,* due consideration should be given to his factual findings. In *Chubb* v. *Chubb,* 297 Mich 501, 506, it was said:

"While we are not restricted by the findings of the circuit court, a divorce case on appeal being heard *de novo,* especial consideration is given to such findings, so largely based upon the credibility of the witnesses, and the reviewing court ought not to reverse the determination of the trial court in such a case, unless convinced that it must have reached a different conclusion had it occupied the position of the lower court, under like circumstances. *Brookhouse* v. *Brookhouse,* 286 Mich 151; *Stratmann* v. *Stratmann,* 287 Mich 94; *Westgate* v. *Westgate,* 291 Mich 18."

The language above quoted is applicable in the case at bar. It is apparent from the opinion of the trial judge that he considered the testimony in the case very carefully and fully. After discussing at some length the charges and countercharges of the parties, and the proofs with reference thereto, he summarized his conclusions in the case as follows:

"Immoral relationships by the plaintiff with other men certainly are not shown in this case by positive evidence, but, to paraphrase an old saying, there certainly was considerable smoke even if there was no fire. Perhaps plaintiff's youth and desire for good times may explain some of these episodes, but, if so, they equally disclose a completely wrong mental attitude about the plaintiff's natural loyalties to her husband and her family. If, as she says, her husband accused her of associating with other men, she,

by her own action, has voluntarily laid the foundation for such accusation by her conduct. This, after all, is her main allegation as grounds for a divorce from the defendant.

"From a consideration, therefore, of all the proofs in the case, and without attempting to dwell further upon what seems to the court as a very sordid sort of story, the court is of the opinion that the plaintiff has failed to sustain the burden of proof sufficient to justify the court granting her a divorce from the defendant; and, on the other hand, the court is of the opinion that the defendant as cross-plaintiff has sustained the burden of proof sufficient to warrant him in obtaining a decree of divorce from the plaintiff upon the grounds of acts of extreme and repeated cruelty."

The conclusions of the trial judge are fully supported by the record. The difficulties between the parties were unfortunate, particularly from the standpoint of their child. It is plaintiff's claim in substance that she left the home because defendant's conduct, particularly his charges of improper associations on her part with other men, rendered intolerable a continuance of the marital relation. It clearly appears, however, that such charges were not without foundation. The trial judge, as appears from his opinion, so determined and we cannot say that had we been in his position we would have reached a different conclusion. The trial court was not in error in granting a decree of divorce to defendant and cross-plaintiff.

Appellant further claims that she should have been granted the custody of the child. Reliance is placed on CL 1948, § 722.541 (Stat Ann § 25.311) which reads in part as follows:

"That in case of the separation of husband and wife having minor children, the mother of said children shall be entitled to the care and custody of all

such children under the age of 12 years, and the father of such children shall be entitled to the care and custody of all such children of the age of 12 years or over: * * * And provided further, That nothing in this act shall prevent any court of competent jurisdiction from making and enforcing any such order or orders as it may deem just and proper as to the care and custody of such minor children in the same manner and with like effect as it could if this act had not been passed."

The statute clearly indicates, and this Court has repeatedly held, that in determining the matter of custody the welfare of the child or children concerned is the prime consideration. In *Riede* v. *Riede,* 300 Mich 300, it was said:

"The right of the mother to have the custody of a child under 12 years of age, by virtue of the statute (CL 1929, § 12852* [Stat Ann § 25.311]), is not absolute. The wishes of the parents are a secondary consideration. The welfare of the child is paramount. *Weiss* v. *Weiss,* 174 Mich 431; *Smith* v. *Ritter,* 292 Mich 26."

See, also, *Brookhouse* v. *Brookhouse,* 286 Mich 151; *Doolittle* v. *Doolittle,* 311 Mich 181; *Johnson* v. *Johnson,* 318 Mich 21.

In the case at bar the trial judge expressly found that the welfare of the child required that the custody be given to the father. The testimony indicates that defendant and cross-plaintiff was living, at the time of the trial, with his parents, that the home was a satisfactory one, and that it was his intention that the child, if custody were granted to him, would be placed in such home where the paternal grandmother would assist in his care. The trial judge expressed the view that the child needed a permanent home, an adequate yard in which to play, and constant super-

---

* CL 1948, § 722.541.—Reporter.

vision. He also called attention to the fact that plaintiff was not in position to give the necessary care and attention to the child. He stated in his opinion that the report of the friend of the court, made on investigation after the completion of the trial, disclosed that plaintiff was living in a 2-room apartment, and that she had placed the child in a boarding home. It appears from the proofs that on certain occasions, while the child was in plaintiff's custody, she kept him out at late hours while seeking amusement or entertainment for herself. Under the circumstances of the case we are in accord with the conclusion of the trial judge that the custody of this child should be given to the father. The statutory provisions above quoted, on which plaintiff relies, does not require a different disposition in view of the fact that the welfare of the child can be best served, at least for the present, by placing him in the home of the father and the paternal grandparents. If circumstances change and it is indicated that it will be to his advantage to give his custody to the mother, the trial court, on proper petition and proofs, may modify the decree accordingly.

As before noted, the decree, by way of property settlement and in lieu of dower, required defendant to pay to plaintiff the sum of $400 in monthly payments of $25 or more. Plaintiff insists that such amount is inadequate and should be increased. The pleadings and proofs indicate that at the time the parties separated they had an equity worth from $1,200 to $1,500 in property which they were purchasing under a land contract. Following the separation payments on such contract were allowed to become in default. Defendant testified that he was unable to keep up the payments, and it does not appear that plaintiff was in position to do so. As a result the equity was lost. At the time of the trial it does not appear that there was any property

belonging to the parties or either of them other than personal belongings and a 1941 Chevrolet automobile. Their household furniture, or at least most of it, had been loaned to them by defendant's sister, and it was repossessed by the owner following the separation.

At the time of the trial defendant was regularly employed earning from $50 to $55 per week, and he was receiving from the Federal government $27.60 per month by way of disability pension, he having been injured while in military service. Plaintiff was also employed. No claim was made that she was not in good health or that she was incapable of supporting herself. The trial court concluded that defendant had not made proper efforts to save the equity in the real estate, and took such fact into consideration in awarding the sum of $400 to the plaintiff. Under the circumstances we think that the award was equitable and an exercise of the discretion of the trial court with which we should not interfere. In *Cooley* v. *Cooley,* 320 Mich 209, it was said:

"The division of property in a suit for divorce is not governed by rigid rules. The Supreme Court does not substitute its judgment as to division of property for that of the trial judge in a suit for divorce in the absence of a clear showing of abuse of discretion. *Stalker* v. *Stalker,* 313 Mich 209."

See, also, *DeMay* v. *DeMay,* 326 Mich 72.

As before noted, the decree from which plaintiff and cross-defendant has appealed gave to her the right to visit the child at reasonable times, and to have him with her every alternate Sunday afternoon between the hours of 2 and 6 p. m. We think the provisions as to visitation and temporary custody are reasonable and should not be modified by this Court. They are, of course, subject to modifica-

tion by the trial court on a proper showing of changed circumstances.

The decree is affirmed, but without costs.

REID, C. J., and BOYLES, NORTH, DETHMERS, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.