WOJCIK v. WOJCIK.

1. DIVORCE—DIVISION OF PROPERTY.
   Division of property in a divorce suit is not covered by rigid rules.

2. SAME—DIVISION OF PROPERTY—DISCRETION OF COURT.
   The Supreme Court will not substitute its judgment as to division of property in a suit for divorce in the absence of a clear showing of abuse of discretion.

3. SAME—DIVISION OF PROPERTY—DISCRETION OF COURT.
   Division of property between parties to suit for divorce whereby wife was awarded realty valued at $18,150 and cash of $8,350 to be paid by defendant husband in 3 years and awarded him personalty valued at $15,000 and inventory of the business at $15,000 *held*, not a clear showing of abuse of discretion under record presented on appeal from property division provision.

Appeal from Cheboygan; Fenlon (Edward H.), J. Submitted October 9, 1964. (Calendar No. 32, Docket No. 50,562.) Decided May 11, 1965.

REFERENCES FOR POINTS IN HEADNOTES
[1-3] 17A Am Jur, Divorce and Separation § 931.

Complaint by Lucy Wojcik against Joseph Wojcik for divorce on the grounds of extreme and repeated cruelty. Cross complaint for divorce by defendant. Judgment for plaintiff. Defendant appeals property settlement provisions only. Affirmed.

*Oswald T. McGinn,* for plaintiff.

*Martin B. Breighner (Benjamin V. Halstead,* of counsel), for defendant.

SMITH, J. This is an appeal from a decree of divorce as it pertains to the property settlement provisions only. Since 1944, the parties have been more or less jointly engaged in several business enterprises in Michigan and in Florida. Since 1948 or 1949, they have been situated at Indian River, Michigan, where they have operated a carpet business. Both parties have been actively engaged in operating the business.

The decree awarded plaintiff wife realty and personalty appraised at $18,150 and a cash award of $8,350 to be paid by defendant husband to the wife in annual instalments over a period of 3 years. The husband, who is the appellant, was awarded the business real estate and personalty appraised at $15,000, plus the inventory of the business appraised at $15,000 at the commencement of suit, but thereafter reduced by appellant husband unilaterally to an estimated $6,000. No specific valuation was placed upon the accounts receivable or tools and fixtures, nor upon the good will of the business. Appellant's testimony was of no help in this connection. In any event, the trial court awarded all of such business assets to husband appellant. The decree did not require the husband to pay the wife's attorney fees.

Both parties agree that the disputed items are (1) value of the business inventory, and (2) whether

or not the trial judge should have given consideration to an item of $2,800 allegedly obtained by the wife from her parents in 1948, and used for the purchase of property used jointly. As to the value of the business inventory, there was no serious dispute that at the time of the wife's commencement of suit, the business inventory was valued at $15,000: although the wife testified that she valued the inventory at $20,000, it was agreed that for the purposes of settlement she would accept the husband's valuation of $15,000. The husband insisted that when he sold large amounts of the inventory after separation of the parties, it was done for the purpose of paying off debts. What debts, he referred to, were not shown, and the trial judge who saw and heard the witness apparently was unimpressed. As to the $2,800 received by the wife from her parents and used for the purchase of property jointly used, there was no serious dispute. Again, the trial judge saw and heard the witnesses and apparently concluded that the transaction had been made as represented by plaintiff wife.

The rule is well settled that the division of property in a divorce suit is not covered by rigid rules and this Court will not substitute its judgment as to division in the absence of a clear showing of abuse of discretion. *Wells* v. *Wells,* 330 Mich 448; *Stalker* v. *Stalker,* 313 Mich 209. Considering all the evidence, we cannot say that there was a clear showing of abuse of discretion.

Affirmed. Costs to appellee.

T. M. KAVANAGH, C. J., and DETHMERS, KELLY, BLACK, SOURIS, O'HARA, and ADAMS, JJ., concurred.