## SOCHA v. SOCHA.

1. DIVORCE—APPEAL AND ERROR—QUESTIONS REVIEWABLE—STATE A PARTY.

Question of whether grounds for divorce existed can be brought before an appellate court regardless of the wishes of the parties or of who raises the question, because the State is a party to every divorce action.

2. SAME—APPEAL AND ERROR—QUESTIONS REVIEWABLE—DIVISION OF PROPERTY.

Appellate court reviews the issue whether the trial court erred in disposition of property in judgment of divorce.

3. SAME—DIVISION OF PROPERTY—FACTORS.

Portion of property awarded to each party in a divorce action depends upon all the equitable factors involved, including source of property, contribution towards its acquisition, length of marriage, needs of the parties, their earning ability, the cause of divorce, and the needs of children.

4. SAME—PROPERTY DIVISION—DEBTS.

Property division in divorce case where husband came to marriage with approximately $7,000 in money and other property and wife came with $6,000 in property, which awarded each

REFERENCES FOR POINTS IN HEADNOTES

[1] 4 Am Jur 2d, Appeal and Error § 135.
  5 Am Jur 2d, Appeal and Error § 868.
[2] 4 and 5 Am Jur 2d, Appeal and Error §§ 135, 259, 868.
[3] 24 Am Jur 2d, Divorce and Separation §§ 925, 926, 933.
[4] 24 Am Jur 2d, Divorce and Separation §§ 925, 926, 928.
[5] 5 Am Jur 2d, Appeal and Error §§ 702, 703, 822.
[6] 24 Am Jur 2d, Divorce and Separation §§ 514, 521, 524, 526.
[7] 24 Am Jur 2d, Divorce and Separation § 626
[8] 24 Am Jur 2d, Divorce and Separation §§ 626, 651.
[9] 24 Am Jur 2d, Divorce and Separation §§ 618, 620.
[10, 11] 24 Am Jur 2d, Divorce and Separation §§ 571, 573.
[12] 24 Am Jur 2d, Divorce and Separation § 584.
  20 Am Jur 2d, Costs §§ 15, 16.

party the property which he brought to the marriage or a substitute therefor acquired during the marriage, but not the money which he contributed, should have divided indebtedness contracted during the marriage equally, where there were no children of the marriage, the parties were in their forties and were married for 7 years (CL 1948, §§ 552.18, 552.19).

5. APPEAL AND ERROR—CHANCERY CASES—DE NOVO REVIEW.
Chancery cases are heard by the Court of Appeals *de novo* but such court will not reverse the trial court unless convinced it would have had to reach another result had it occupied the position of the trial court.

6. DIVORCE—ALIMONY.
The right to alimony arises out of the husband's duty to support the wife under the marriage contract.

7. SAME—ALIMONY—DISCRETION OF COURT.
The statute which gives the court power to award alimony rests discretion as to the amount, if any, in the court (CL 1948, § 552.23, as amended by PA 1964, No 11).

8. SAME—ALIMONY.
The statute authorizing the court to award alimony to wife upon divorce does not impose an absolute duty on the husband to support the wife after divorce (CL 1948, § 552.23, as amended by PA 1964, No 11).

9. SAME—ALIMONY—EQUITY.
Denial of alimony to wife *held,* not inequitable in case where parties had been married 7 years, were in their forties, had no children of the marriage, the husband's contribution to the marriage was depleted by the wife's expenditures, the wife was able to go deer hunting and engage in other activities although she testified that she was unable to work, the grounds for divorce were not of the husband's intentional making, and the husband was required by the judgment of divorce to pay 1/2 of the debts contracted during marriage.

10. SAME—ATTORNEY FEE—DISCRETION OF COURT.
Attorney fees to be awarded to wife's attorney in divorce action are within the discretion of the court, factors considered being needs of the wife, ability of the husband to pay, and the difficulty of the case.

11. SAME—ATTORNEY FEE—DISCRETION OF COURT.
Attorney fee of $150 awarded in case where trial took only 1 day, property to be divided was small, only the parties were witnesses, and husband's income was meager, is not disturbed.

12. SAME—MODIFICATION OF JUDGMENT—COSTS—NEITHER PARTY PREVAILING IN FULL.

>No costs are awarded on appeal by wife in divorce case in which judgment of trial court is modified with respect to division of debts to be paid by parties but is otherwise affirmed, neither party prevailing in full.

Appeal from Menominee; Brown (Ernest W.), J. Submitted Division 3 June 7, 1966, at Grand Rapids. (Docket No. 1,003.) Decided December 22, 1966.

Complaint for divorce by Jane M. Socha against Joseph Socha. Judgment for plaintiff. Plaintiff appeals from property distribution and alimony provisions of judgment. Modified and affirmed.

*Michael J. Anuta,* for plaintiff.

*Howard Vielmetti,* for defendant.

HOLBROOK, P. J. On February 11, 1965, a judgment of divorce was granted to plaintiff-wife, age 43, against defendant, age 47, on the grounds of repeated and extreme cruelty[1]—that defendant was physically incompetent.[2] They were married October 12, 1957: the first marriage for the husband, the second for the wife. There was no issue from the marriage; however, plaintiff had a daughter from her previous marriage, who resided in the household until her marriage in 1963 at age 18.

At the time of their marriage, the husband owned a home in Vulcan, Michigan. He also had $2,500 in postal savings, $600 in the bank, and an unencumbered 1952 Chevrolet. The plaintiff owned an unencumbered house purchased in 1952 for $4,100, a 1957 Plymouth worth $2,500, less an encumbrance of $1,500 (paid up by defendant after marriage),

---

[1] CL 1948, § 552.7 (Stat Ann 1957 Rev § 25.87).
[2] CL 1948, § 552.6 (Stat Ann 1957 Rev § 25.86).

and some furniture. The parties lived in plaintiff's house all during the time they were living together. Defendant put a new front porch and back porch in plaintiff's house.

Prior to marriage, plaintiff and her daughter were each receiving $73.90 per month social security benefits and together received $64 every 2 weeks workmen's compensation benefits as a result of the death of plaintiff's former husband. Upon her marriage to defendant, plaintiff's workmen's compensation and social security benefits were discontinued, but the daughter's workmen's compensation continued although reduced to $62 every 2 weeks. The daughter also received $1,000 from workmen's compensation in a lump sum for her education. The daughter continued to receive social security until she became 18 years old, and workmen's compensation until her marriage. The daughter's income was used by plaintiff in helping to maintain the household as well as for personal items for herself and daughter. The parties sold defendant's house in Vulcan for $4,090 in 1959 on a contract with $30 per month payments which were used for household expenses, union dues and insurance.

Defendant's earnings during the marriage were stated by the court to be as follows:

| | |
|---|---|
| 1958 | $2,553.42 |
| 1959 | 2,807.76 |
| 1960 | 3,192.12 |
| 1961 | 4,400.65 |
| 1962 | 4,743.66 |
| 1963 | 2,658.30 |

According to the testimony he earned approximately $4,320 in the year of 1964. Therefore, defendant had earned during the 7 years, $24,675.91. To this amount should be added approximately $600

per year unemployment compensation, since during these years defendant was unemployed 4 or 5 months during the winter of each year due to weather conditions preventing construction, the business in which he was employed as a laborer.

Plaintiff claims she is unable to work but admits to going deer hunting. No other testimony was offered relevant to employment for the wife. Husband claims he needs a hernia operation.

Plaintiff's home was mortgaged to care for debts of the parties including the purchase of defendant's 1962 Chevrolet at a cost of $2,700. There is a balance due on the mortgage of $3,700. The plaintiff also has: furniture, 3 years old and purchased for $1,000; a television set; a clothes dryer; and a 1959 Mercury purchased new for $3,800. Defendant has a balance of $1,900 owing on the contract for the sale of the Vulcan house, the 1962 Chevrolet and approximately $1,300 in other bills incurred during the marriage.

The trial judge further found that the couple lived beyond their means, that the husband was "frugal * * * [and] attempted to curtail his wife's extravagances" and that "plaintiff was largely responsible for the economic situations which they are now facing." The record reveals the following in support of such a finding: (1) Purchase by plaintiff of Ford Galaxie for daughter, upon graduation, sold after 7 months; (2) purchase of 1959 Mercury for $3,800; (3) purchase of small items, such as dog for $50, chime clock for $60, typewriter for $110; (4) purchase of new furniture at a net cost of $500; (5) the cost of the wedding and honeymoon was not expressly stated by either party. Both parties thought it was too much, although each put the blame on the other. (6) Purchase of 1962 Chevrolet for husband, $2,700.

The disposition of the case by the trial court is as follows: Plaintiff was granted a divorce, restored her former married name and awarded no alimony. Defendant was awarded the $1,900 interest in his home, but required to pay bills totaling $1,300. He also was awarded his automobile. Plaintiff was awarded household furnishings, her automobile, and her home, but was required to assume payment of the mortgage balance. Defendant was required to pay $150 attorney fees.

Plaintiff appealed and raises the following questions for review: (1) Was the trial court correct in granting plaintiff a divorce? (2) Whether the trial court abused its discretion in making a division of property. (3) Whether the trial court abused its discretion in failing to award plaintiff alimony. (4) Whether the trial court abused its discretion in granting plaintiff $150 attorney's fees.

The trial court found that defendant was guilty of extreme and repeated cruelty, and this finding was not contested by defendant, nor do we question it. However, because the reviewing court hears divorce cases *de novo*, *Chubb* v. *Chubb* (1941), 297 Mich 501; *Wells* v. *Wells* (1951), 330 Mich 448, plaintiff supports and argues the grounds for divorce. The question of whether the grounds for divorce have been established can be brought before the reviewing court regardless of the wishes of the parties or of who raises the question on the basis that the State is a party to every divorce, *Unjian* v. *Unjian* (1955), 344 Mich 423; *Niskanen* v. *Niskanen* (1963), 371 Mich 1. The court also reviews on the issue of whether the trial court erred in the disposition of property. See *Paul* v. *Paul* (1960), 362 Mich 43; *Wojcik* v. *Wojcik* (1965), 375 Mich 616, where such limited question was decided.

CL 1948, § 552.18 (Stat Ann 1957 Rev § 25.98), provides that upon divorce the wife shall be entitled

to the immediate possession of her real estate "in like manner as if her husband were dead." In the present case, the wife who was awarded her home, was required to assume the mortgage on it of $3,700. Plaintiff argues that the statute should be interpreted to require that the property be returned at full value. However, no cases are cited which hold that realty must be returned to the wife unencumbered if unencumbered at the time of marriage.

A similar provision has been enacted covering personal property. CL 1948, § 552.19 (Stat Ann 1957 Rev § 25.99) provides that "[upon divorce] the court may make a further decree for restoring to the wife the whole, or such parts as it shall deem just and reasonable, of the personal estate that shall have come to the husband by reason of the marriage, or for awarding to her the value thereof, to be paid by her husband in money."

The rule to be followed in divorces pertaining to division of the property is aptly stated in *Johnson* v. *Johnson* (1956), 346 Mich 418, at p 431, wherein the court stated:

"The portion of property awarded to each party depends upon all the equitable factors involved, including the following: source of property, contribution towards its acquisition, the years of married life, the needs of the parties, their earning ability and also the cause for divorce. Even the needs of children may affect the property settlement."

See, also, *Stalker* v. *Stalker* (1945), 313 Mich 209; *Wells* v. *Wells* (1951), 330 Mich 448; *Cosher* v. *Cosher* (1959), 356 Mich 567; *Wojcik* v. *Wojcik* (1965), 375 Mich 616.

Although no two cases are alike, some aid is afforded in deciding the present case by reference to prior cases. In *Paul* v. *Paul* (1960), 362 Mich 43, plaintiff, a farmer, sued wife, age 66, for a divorce

after 26 years of marriage. The farm belonged to wife before marriage (in 1932) and was then unencumbered. In addition, the wife invested $5,000 cash, the husband $1,300. The farm was worked jointly throughout the marriage. At the time of divorce, the only asset in controversy of substantial value was the farm. The improvements were valued by testimony as at least $10,000. The trial judge awarded the husband $8,000, the wife retaining the farm. The Supreme Court modified the decree, giving the husband only an equal division of the $10,000 reducing the award to the husband by $3,000, because it would "produce a fairer result." On page 47 the Court stated in part:

"While this Court hears appeals in chancery matters *de novo,* it generally does not reverse or modify unless convinced that it would have had to reach another result had it occupied the position of the trial court. *Wells* v. *Wells* (1951), 330 Mich 448; *Ethridge* v. *Ethridge* (1952), 322 Mich 578. For the reasons we have given, we are convinced of this in this case."

In *Wojcik* v. *Wojcik* (1965), 375 Mich 616, where both husband and wife were actively engaged in operating the family business, the Court held it was not an abuse of discretion to award the husband the business real estate valued at $15,000 and inventory of $6,000; the wife $18,150 in realty and personalty and $8,350 cash. This is an approximately equal distribution, $21,000 to $26,500.

In *Manigold* v. *Manigold* (1943), 304 Mich 310, where the property of the husband and wife had a value of approximately $9,000 to $10,000, an equal division was not an abuse of discretion.

Plaintiff requests that, to enable her to pay off the mortgage, she be awarded the Vulcan home proceeds and both cars.

Excluding the income by plaintiff's daughter which was spent mainly for her benefit or the plaintiff's, the contributions were approximately equal. The husband contributed about $7,000; the wife about $6,000. The parties were married 7 years, and both are now in their forties. The marriage was not so long as to constitute a sacrifice of years, or so short as to be considered an inadvertent and readily correctible mistake. The parties are not so old that they will be unable to adjust to the impending situation, or so young that their life remains ahead.

It was undisputed that the parties mortgaged plaintiff's home for the purchase of defendant's 1962 Chevrolet at a cost of $2,700 and other joint expenses. The trial court divided the property by awarding defendant the balance on the contract (Vulcan) $1,900, the 1962 Chevrolet worth approximately $1,500 and some furniture. The court required defendant to pay $1,300 in specified debts. It awarded plaintiff her home, furniture and household goods of the value of approximately $1,000 and her 1959 Mercury approximately the value of $500 and required her to pay debts in the form of the mortgage on her home of $3,700. The debts of the parties totaled $5,000 ($3,700 mortgage and $1,300 specified debts). The Court concludes that each should have been ordered to pay one-half of the total or $2,500, rather than $3,700 by plaintiff and $1,300 by defendant. The reduction of the award to defendant in the Vulcan contract by awarding $1,200 of the same to the plaintiff would produce a fairer result. We so order.

The trial court awarded the wife no alimony. Plaintiff requests alimony of $50 per week.

The right to alimony arises out of the husband's duty to support the wife under the marriage contract. *Johnson* v. *Johnson* (1956), 346 Mich 418. Although the court's power to grant alimony is not

inherent but statutory, *Ritzer* v. *Ritzer* (1928), 243 Mich 406, the statute rests discretion in the court.

CL 1948, § 552.23, as amended by PA 1964, No 11 (Stat Ann 1965 Cum Supp § 25.103) provides:

"Upon every divorce from the bond of matrimony for any cause except that of adultery committed by the wife, and also upon every divorce from bed and board for any cause, if the estate and effects awarded to the wife shall be insufficient for the suitable support and maintenance of herself and such children of the marriage as shall be committed to her care and custody, the court may further decree to her such part of the personal estate of the husband and such alimony out of his estate real and personal, to be paid to her in gross or otherwise as it shall deem just and reasonable, having regard to the ability of the husband and the character and situation of the parties, and all the other circumstances of the case."

Thus, there does not appear to be an absolute duty to support the wife. In the most recent case, *Stathas* v. *Stathas* (1965), 1 Mich App 510, the short duration of the marriage and the youth of the parties was held sufficient to sustain a decree awarding no alimony. In *Sickrey* v. *Sickrey* (1950), 329 Mich 51, the Court sustained a decree awarding the wife only $3,000, the husband being awarded real estate valued at about $6,500, subject to a lien of $3,000 in favor of the wife to secure the judgment, and a 1939 Chevrolet. The parties were married 14 years and had no children.

The wife testified that she is unable to work; however, she also testified that at the time of the marriage she told defendant she was unable to work out.

Under the circumstances, was the denial of alimony to the wife inequitable? Stated in this manner, the answer must be no. First, the husband's

contribution has been depleted by the wife's expenditures, and his salary is meager. Second, the marriage was only of 7 years' duration and without issue. Third, there was only the wife's statement that she was unable to work. No evidence on employment possibilities was offered. It seems, though, that the wife may well be able to support herself. She admitted going deer hunting and engaging in other activities and is only 43 years of age. Fourth, the grounds for divorce are not of defendant's intentional making. Although the wife should be able to leave the marriage, she should not, in this case, also take a part of her husband's earnings. The trial court did not abuse its discretion in awarding no alimony to plaintiff.

Plaintiff claims she should have been awarded $300 as attorney fees. Attorney fees have also been referred to as being in the discretion of the trial court. *Maynard* v. *Maynard* (1951), 329 Mich 247 (sustaining award of $175); *Wood* v. *Wood* (1939), 288 Mich 14 (counsel fees refused). Factors to be considered are needs of the wife, the ability of the husband to pay, and the difficulty of the case. 1 Michigan Practice, Moore and Moore (2d ed, 1965), § 1364.

In the present case the trial took only 1 day and the property to be divided was small. No witnesses other than the parties were presented. The award of attorney fees will not be disturbed. As modified by this Court concerning the property settlement, the judgment is affirmed. No costs, neither party prevailing in the entirety.

BURNS and HOFFIUS, JJ., concurred.