OPAL LAKE ASSOCIATION v MICHAYWÉ LIMITED
PARTNERSHIP

APPEAL AND ERROR—EQUITY—FINDINGS OF FACT—DE NOVO REVIEW.
  Review of chancery matters is made *de novo* with due considera-
  tion given to the findings of the trial court, and those findings
  will not be modified or reversed unless the Court of Appeals is
  convinced that it would have reached a different result if it had
  occupied the position of the trial court.

Appeal from Ingham, Donald L. Reisig, J. Sub-
mitted June 5, 1975, at Grand Rapids. (Docket No.
19524.) Decided August 11, 1975. Leave to appeal
denied, 395 Mich —.

Complaint by the Opal Lake Association against
Michaywé Limited Partnership and the Depart-
ment of Natural Resources for an injunction to
stop the development by Michaywé Limited Part-
nership of a proposed lake access site. Injunction
granted allowing the development under certain
restrictions. Plaintiff appealed. Defendant Mi-
chaywé cross-appealed. Affirmed in part, vacated
in part and remanded, 47 Mich App 354 (1973).
Injunction modified by the circuit court. Plaintiff
appeals. Affirmed, with modifications.

*Jereck & Steiner,* for plaintiff.

*Dykema, Gossett, Spencer, Goodnow & Trigg* (by
*W. A. Steiner, Jr.),* for defendant Michaywé Lim-
ited Partnership.

*Frank J. Kelley,* Attorney General, *Robert A.*

REFERENCE FOR POINTS IN HEADNOTE
5 Am Jur 2d, Appeal and Error §§ 703, 822.

*Derengoski,* Solicitor General, and *Jerome Maslow-ski,* Assistant Attorney General, for defendant Department of Natural Resources.

Before: McGREGOR, P. J., and D. E. HOLBROOK and N. J. KAUFMAN, JJ.

D. E. HOLBROOK, J. This case came to us on original appeal and we wrote an opinion therein which was published at 47 Mich App 354; 209 NW2d 478 (1973), which is self-explanatory. We incorporate that opinion in our present opinion by reference. After our remand to the trial court, additional evidence was admitted and after due consideration of all the evidence and our previous opinion, the trial judge issued an injunction which reads as follows:

"Plaintiff, Opal Lake Association, a Michigan non-profit corporation, having filed a complaint for injunctive relief against Defendant Michaywé Limited Partnership, a Michigan limited partnership (Michaywé), and Defendant State of Michigan, Department of Natural Resources, and said Defendants having filed answers thereto, and this matter having been tried by this Court, and the Court having made its finding of facts and conclusions of law on January 6, 1972, and an order thereafter having been entered on March 21, 1972, which order was appealed by Plaintiff, and a decision of the Court of Appeals having been rendered on May 23, 1973 (47 Mich App 354); [209 NW2d 478 (1973)], and the matter having been remanded to this Court for further proceeding pursuant to said decision of the Court of Appeals, and the Court having conducted further hearings thereon, and the Court being fully advised in the premises:

"IT IS HEREBY ORDERED that Defendant Michaywé, its officers, agents, servants, employees and attorneys, and its successors, assigns, devisees, lessees and licensees, and all others claiming any interest in the subject real estate through the title of Michaywé

Limited Partnership, be, and they hereby are, permanently enjoined from developing the property described in the Michaywé Preliminary Master Plan as 'Swim "n" Sun Club' in the manner and to the extent testified to by representatives of such Defendant during the course of the trial, that being a development for the unrestricted use of the property for swimming, sunbathing, and boating and other recreational purposes, for the reason that such unrestricted use of the property constitutes an unreasonable use of said property in relation to the rights of other riparian owners on Opal Lake.

"IT IS FURTHER ORDERED that Michaywé Limited Partnership be, and it hereby is, enjoined from distributing promotional or advertising material which implies that the owners of lots in Michaywé's property will have the unrestricted use of the Opal Lake Beach frontage owned by Michaywé.

"IT IS FURTHER ORDERED that Michaywé Limited Partnership, its officers, agents, servants, employees and attorneys and its successors, assigns, devisees, lessees and licensees, and all others claiming any interest in said property through the title of Michaywé Limited Partnership, be, and it hereby is, enjoined from the use or development of the property described in the Michaywé Preliminary Master Plan as 'Swim "n" Sun Club' as such, unless and until restrictions are recorded against such property which are permanent and run with the land until the time when such property is platted into single-family lots, or until further order of this Court, which restrictions are to provide:

"1. The plaintiff, by its officers, may enter onto such property at all reasonable times to inspect the property to insure compliance with this order;

"2. That, in the event Plaintiff Opal Lake Association is no longer in existence, or fails to act, any Opal Lake riparian owner, now or in the future, may act to enforce these restrictions and the order of this Court;

"3. That the restrictions herein contained, and this order, may be enforced against Michaywé Limited Partnership or whoever then is the owner of said property.

"4. That the restrictions herein contained may be

enforced either through the use of the contempt power of this Court against the Defendant Michaywé Limited Partnership or its successors in interest, and, if appropriate, the officers, directors, and members or shareholders of said Michaywé Limited Partnership or its successors in interest, or this injunction may be modified so as to further protect the rights of Plaintiff Opal Lake Association and that the riparian owners of real estate upon Opal Lake, as the needs of justice and equity may hereafter dictate;

"5. That if hereafter, this Court finds that this injunctive order and the restrictions imposed herein have been violated, all costs of such proceedings, and appeals therefrom, including plaintiff's reasonable, actual attorney fees may, in the Court's discretion, be assessed against the parties then responsible for said violation;

"6. That in order to further guarantee enforcement of this injunction and the restrictions contained herein, Defendant Michaywé Limited Partnership shall post a bond in the amount of $5,000 for ten years from and after this date, which bond, at the option of the Court, may be utilized to pay costs of all enforcement proceedings, including appeals thereof, and including Plaintiff's reasonable, actual attorney fees;

"7. That the property in question be used for recreational purposes only by members of the Michaywé Owners Association and their guests, only during daylight hours, except for limited special evening use, with an appropriate sign setting forth the hours of use and these restrictions being constructed and maintained in a clearly visible place on said property;

"8. That the property in question shall be enclosed by a fence with limited access entrance and with parking for not more than 50 automobiles;

"9. That from Memorial Day to Labor Day an attendant shall be on duty during the principal hours of use, and no permanent amplifiers or fixed loud-speaker equipment being maintained on the property;

"10. That no motorized boats be launched from the property except in an emergency, no boats other than those provided by the Michaywé Owners Association or their successors be launched from the property, and

only up to 15 small non-powered boats may be provided, except for an emergency motor boat, and that with the exception of the existing dock, no dock or similar structure be extended into the lake;

"11. That no more than 120 individuals may use the property at any one time, with buoys to be provided when and if appropriate in the boat-launching and bathing areas.

"12. That the sanitary facilities at the property are to comply with all federal, state and local health department requirements, and the property is to be maintained in such fashion that there is no unreasonable accumulation of litter or other debris.

"IT IS FURTHER ORDERED that any party hereto, or their successors in interest, may, upon proper notice filed with this Court, make application for modification of this order if circumstances and conditions develop making this order ineffectual and/or inequitable for any party."

We believe that the trial judge has diligently endeavored to fashion a workable injunction to protect the rights of the plaintiff and the defendants.

Our review in chancery matters is made *de novo.* We give due consideration to the findings of the trial judge and generally do not reverse or modify, unless convinced that we would have had to reach another result had we occupied the position of the trial court. *Wells v Wells,* 330 Mich 448; 47 NW2d 687 (1951), and *Socha v Socha,* 5 Mich App 404; 146 NW2d 839 (1966). Had we sat as trial chancellor in this matter, we would have been constrained to modify paragraphs 6 and 9 of the injunction. We therefore modify said paragraphs in the following manner.

Paragraph 6—That in order to further guarantee enforcement of this injunction and the restrictions contained herein, defendant Michaywé Lim-

ited Partnership shall post a bond in the amount of $10,000 for ten years from and after this date, which bond, at the option of the court, may be utilized to pay costs of all enforcement proceedings, including appeals thereof, and including plaintiff's reasonable, actual attorney fees.

Paragraph 9—That from Memorial Day to Labor Day and at such other times as the beach premises are open for use, an attendant shall be on duty, paid for by the defendant. Said attendant would be on duty during the principal hours of use, and no permanent amplifiers or fixed loud-speaker equipment may be maintained on the property; it shall be the duty of the attendant to enforce at all times the terms of this injunction and, if unable to do so, to report such fact immediately to the plaintiff and defendants so appropriate legal action may be taken in the trial court to enforce this injunction.

In view of the importance of enforcing this injunction we deem the $10,000 bond to be the appropriate sum. The change in paragraph 9 is self-explanatory.

Affirmed, as modified. No costs, neither party prevailing fully.