TINDALL v TINDALL

OPINION OF THE COURT

1. DIVORCE—PROPERTY SETTLEMENT—MORTGAGE PREPAYMENT—DISCHARGE OF JOINT INDEBTEDNESS—SALE OF MARITAL HOME.

  The division of personal property in a divorce proceeding was fair and equitable under all of the circumstances, given defendant's sizable mortgage prepayment, the sums expended by him to discharge joint indebtedness, the amounts he contributed to the marital coffers at the outset of the marriage, and the fact that the sale of the marital home at less than its appraised value was in large part plaintiff's own fault.

2. DIVORCE—SALE OF MARITAL HOME—PERSONAL PROPERTY—CHILD SUPPORT.

  A trial judge's refusal in a divorce action to reduce a defendant's share of the proceeds from the sale of the marital home was proper when viewed in light of plaintiff's favorable treatment with respect to personal property and the amounts previously subtracted from the defendant's award to cover child support.

3. DIVORCE—ADDITIONAL COMPENSATION FOR ATTORNEY.

  The request in a divorce action of a former plaintiff-wife for additional compensation for her attorney was properly denied where the defendant-husband was in financial plight and plaintiff was able to pursue the litigation without further attorney's fees.

DISSENT BY D. E. HOLBROOK, P. J.

4. DIVORCE—REALTOR'S COSTS—SALE OF MARITAL HOME.

  *A defendant-husband should have been required to pay one-half of the realtor's costs for the sale of the marital home which became the subject of a mortgage foreclosure instead of having plaintiff-wife pay all the realtor's costs where a divorce judgment provides that the homestead was divided equally by*

*requiring the wife to pay the mortgage and the husband was granted a lien equal to one-half of their equity prior to payment of the mortgage.*

Appeal from Kalamazoo, Donald T. Anderson, J. Submitted March 4, 1975, at Grand Rapids. (Docket No. 18039.) Decided November 12, 1975.

Complaint by Helen J. Tindall against Frank A. Tindall for divorce. Judgment for plaintiff. Plaintiff appeals the property settlement and the denial of her motion for rehearing on the property settlement. Affirmed.

*Daudert & Barron,* for plaintiff.

*Birkhold, Newland & Hills* (by *Edgar A. Hord),* for defendant.

Before: D. E. HOLBROOK, P. J., and BRONSON and M. J. KELLY, JJ.

BRONSON, J. Plaintiff appeals from the property settlement portion of a divorce judgment entered between the parties and the denial of her motion for a new trial. Our findings indicate the division of personal property made in this case was eminently fair, given defendant's sizable mortgage prepayment, the sums expended by him to discharge joint indebtedness, and the amounts he contributed to the marital coffers at the outset of the marriage.

The sale of the marital home at less than its appraised value was in large part plaintiff's own fault. We find no error in the trial judge's refusal to reduce defendant's share of the proceeds, particularly in light of plaintiff's favorable treatment with respect to personal property and the amounts

previously subtracted from defendant's award to cover child support.

The trial judge concluded that because of defendant's present financial plight and plaintiff's ability to pursue the litigation without further attorney's fees, her request for additional compensation for her attorney should be denied. We do not feel that the trial judge erred in that judgment.

It is truly unfortunate that both parties have experienced such serious financial problems in addition to the breakdown of their marriage. The trial judge did a commendable job in resolving a difficult problem. The property award is fair and equitable under all of the circumstances. We would not have reached a different result had we been in the position of the trial judge. *Mixon v Mixon,* 51 Mich App 696, 700; 216 NW2d 625 (1974).

Affirmed.

M. J. KELLY, J., concurred.

D. E. HOLBROOK, P. J. *(dissenting).* This divorce action was commenced March 11, 1970 and finally heard and opinion filed on August 24, 1972. The judgment of divorce was filed on December 28, 1972. On January 12, 1973 plaintiff filed a motion for rehearing on the property settlement. This was denied by the trial court. Divorce matters like the present one are very difficult and the trial judge takes into consideration many circumstances and facts in an effort to treat both parties fairly. It is no easy job. This writer's feelings on the facts in this matter require him to dissent in one particular with the ruling of the majority opinion. In the facts of the case it appears that plaintiff's parents gave a lot to plaintiff and defendant upon which

defendant and plaintiff's father built a house. This house was later used in helping pay for the home of the parties, the subject of this dissent. At the time of the trial, it was agreed that a Mr. Robert Greene would make an appraisal of the house. No appraisal had been made up to that time. Mr. Greene's appraisal was $32,500.

In the judgment the trial court ordered that the homestead be awarded to plaintiff, but required her to pay the mortgage of $7,891.07, and awarded to defendant a lien on the property for $12,300. Because the property was not kept up by plaintiff, and because it was the subject of a mortgage foreclosure on September 7, 1972 with sale on September 18, 1972, the property was only able to be sold for $28,000. The costs of this sale totalled $3,103.88. These costs were paid totally by the plaintiff. In order to have divided the property equally between the plaintiff and the defendant under the $32,500 figure, defendant received a lien of $12,300. However, in view of the circumstances concerning the sale and the usual costs occasioned upon a sale by a realtor, plaintiff was required to pay said costs. Had this writer been the trial chancellor, I would have felt compelled to reach a different result as to this aspect of the case, and required defendant to pay one-half of the costs ($1,551.94) to the plaintiff. *Socha v Socha,* 5 Mich App 404; 146 NW2d 839 (1966).

This writer so votes.